IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 06-209-JJF |
| WARDEN REPHEAL WILLIAMS and CMS, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Plaintiff David DeJesus, Sr. ("DeJesus"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on April 10, 2006, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for failure to state a claim up which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff is given leave to amend the complaint.

I. THE COMPLAINT

Plaintiff alleges that he has a "bad liver" and that when he arrived at the HRYCI on October 18, 2005, he told "them" about his liver, that he has hepatitis C, and that he is in pain. Plaintiff also alleges that when he received no medical attention, he filed a grievance, but there was no answer from

Defendants. Finally, Plaintiff alleges that he was supposed to have blood analysis performed, but "they never did come." (D.I. 2, p. 3.)

Plaintiff seeks compensatory damages. He also asks for a lawyer to help him.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not

worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a <u>pro se</u> complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980); <u>Hall v. Pennsylvania State Police</u>, 570 F.2d 86, 89 (3d Cir.1978)). Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. <u>Sutton v. Rasheed</u>, 323 F.3d 236, 249 (3d Cir. 2003)(quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

In Section II of the complaint Plaintiff lists the defendants as Repheal [sic] Williams and C-M-S. (D.I. 2, p.2.) The allegations in the complaint, however, do not sufficiently

apprise Defendants of any claim Plaintiff attempts to allege. The complaint fails to set forth the acts or inactions of Defendants and it does not indicate when the alleged acts took place.

As the complaint now stands, the allegations against Warden Williams and CMS do not rise to the level of a constitutional violation. Therefore, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Inasmuch as Plaintiff attempts to allege an Eighth Amendment deliberate indifference to a serious medical need claim, he is given leave to amend the complaint.

**IV.  Appointment of Counsel**

In his prayer for relief, Plaintiff asks, "can I get a lawyer to help me?" (D.I. 2, p. 3.) Plaintiff, as a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

<u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, the request for appointed counsel is denied without prejudice, with leave to refile following service of the complaint.

**V.   CONCLUSION**

NOW THEREFORE, at Wilmington this 13 day of June, 2006, IT IS HEREBY ORDERED that:

1.   The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.   Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within **THIRTY DAYS** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

3.   Plaintiff's request for appointed counsel is **DENIED WITHOUT PREJUDICE** with leave to refile should the case proceed to service.

*[signature]*
UNITED STATES DISTRICT JUDGE