**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-209-JJF |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, CMS, | ) | |
| DANA BAKER, and  WILLIAM JOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANT WARDEN RAPHAEL WILLIAMS'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF [RE: D.I. 19]**

COMES NOW, State Defendant Warden Raphael Williams ("Warden Williams"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motion For Injunctive Relief (the "Motion for Injunctive Relief") (D.I. 19).  In support of the Response, Warden Williams states as follows:

1.      Plaintiff David DeJesus, Sr. ("DeJesus" or "Plaintiff") is an inmate presently incarcerated at Howard R. Young Correctional Institution ("Howard Young"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.      DeJesus's present incarceration at Howard Young began on October 18, 2005.  According to his medical records he was diagnosed with Hepatitis C in 1999, approximately six (6) years prior to his present incarceration.[1]

---

[1] "Hepatitis C is a disease that affects the liver.  It is caused by a virus called the hepatitis C virus, or HCV for short."  http://hepatitis.va.gov/vahep?page=tp03-basics.

3.      Plaintiff's medical intake sheet indicates that he informed the medical staff at Howard Young that he has Hepatitis C.  (See Exhibit "A").  It appears from the medical records that DeJesus was placed in the Chronic Care Clinic shortly after his arrival and intake at Howard Young.  DeJesus has been evaluated by the Chronic Care Clinic on at least five occasions – November 21, 2005, January 19, 2006, March 29, 2006, May 10, 2006 and June 14, 2006.  (See Exhibit "B").  Records from the Chronic Care Clinic reflect that DeJesus receives periodic monitoring of his condition.   In addition to his Chronic Care Clinic assessments DeJesus has been examined by the medical staff at Howard Young several times per month, each month, since he began his incarceration at Howard Young.  (See Exhibits "C" & "D").  Moreover, on September 20, 2006, the medical records indicate that DeJesus was given an "Hepatitis C Medical Evaluation."  (See Exhibit "E").

4.      Throughout his present incarceration at Howard Young, DeJesus has received a battery of tests which appear to be used to monitor his Hepatitis C condition and overall health.  (See Exhibit "F").  In addition to the aforementioned tests, DeJesus has received on two separate occasions a renal ultrasound study that examined his kidneys (see Exhibit "G"), and an abdominal ultrasound study that examined his liver, gallbladder, spleen, kidneys and pancreas (see Exhibit "H").  Medical records from June 14, 2006, indicate that DeJesus is to be scheduled for a biopsy.  (See Exhibit "B").

5.      Although Warden Williams is not involved in DeJesus's medical treatment, DeJesus's medical records appear to indicate that the medical staff is monitoring and testing his condition.

6.     On March 30, 2006, DeJesus filed a complaint against Repheal [sic] Williams and C-M-S (the "Initial Complaint") (D.I. 2).  In his Initial Complaint DeJesus alleges that he has a bad liver and that he told "them" about his liver.  DeJesus also claims that he has Hepatitis C and that he put in a medical grievance and received "no answer from any one of my Defendants…."   (Initial Complaint at Statement of Claim).

7.     On June 13, 2006, the Court entered an Order dismissing Plaintiff's Initial Complaint for failure to state a claim upon which relief may be granted. (D.I. 8).  One month later, on July 14, 2006, DeJesus filed an Amended Complaint.  The Amended Complaint maintains the action against Warden Raphael Williams and CMS and also adds as defendants William Joyce and Dana Baker.  (D.I. 10).  In the Amended Complaint DeJesus alleges that, "I have put copy of the name of all my Defendants that are not helping me with my Health."   (Amended Complaint at Statement of Claim). DeJesus then requests relief for medical neglect and pain and suffering "for all they have put me through."  (Amended Complaint at "Relief").

8.     On September 8, 2006, DeJesus filed a letter with the Court claiming that he is not getting proper medical treatment for his Hepatitis C.  (D.I. 19). Attached to DeJesus's letter is a separate letter from Dr. Joi A. Johnson Weaver.  In her letter, Dr. Weaver states that if DeJesus's Hepatitis C has not been addressed while he is incarcerated she believes that "drawing a liver profile and referring him to a Gastroenterologist (if his liver function is abnormal) would be an appropriate course of action."  (Motion for Injunctive Relief at Exhibit "Weaver Letter").  The letter does not state Dr. Weaver's area of expertise or her medical background.  The letter also does not

state whether Dr. Weaver evaluated DeJesus prior to giving her opinion or whether she has ever evaluated DeJesus's medical condition. Finally, the letter does not provide the basis or grounds for the stated opinion.

9.    On September 13, 2006, this Court entered an Order construing DeJesus's letter as a motion for injunctive relief for treatment of his Hepatitis C. (D.I. 20). The Court then ordered Defendants to file a response. This is Warden Raphael Williams's Response in Opposition to the Motion.

10.    A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

11.    The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

12.    To obtain a preliminary injunction DeJesus must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his deliberate indifference claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

I.     **DeJesus Is Not Likely To Succeed On The Merits Of His Deliberate Indifference Claim.**

13.     To demonstrate a likelihood of success on the merits of a claim for deliberate indifference pursuant to 42 *U.S.C.* § 1983 a plaintiff must first prove that the defendant had personal involvement in the alleged wrongs he received.  Second, he must demonstrate that his claims are likely to meet the test for deliberate indifference.

A.     **Warden Williams is not personally involved in DeJesus's medical treatment.**

14.     To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States.  *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985).  To support a claim for a civil rights violation a plaintiff must show that the defendant had personal involvement in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct."  *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).  Further, "Grievances are not enough to impute knowledge to [a] defendant."  *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)).

15.     Warden Williams is not involved in the medical treatment that DeJesus receives nor has DeJesus alleged in his Motion for Injunctive Relief or his Complaint that Warden Williams is personally involved in his medical treatment.  Moreover DeJesus's medical grievances are not enough to impute knowledge or personal

involvement to Warden Williams. *See Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208)). Warden Williams is not personally involved in DeJesus's alleged claims. Therefore DeJesus is not likely to succeed on the merits of his § 1983 deliberate indifference action against Warden Williams and the Motion for Injunctive Relief should be denied.

> **B.  Warden Williams has not been deliberately indifferent to DeJesus's medical needs.**

16.     Assuming, *arguendo*, that DeJesus can demonstrate that Warden Williams is personally involved in his medical treatment, DeJesus must also show that he is likely to succeed on the merits of a deliberate indifference claim.

17.     To demonstrate a cognizable claim of deliberate indifference under the Eighth Amendment a prisoner must prove that, (1) the defendant was deliberately indifferent to his medical needs; and (2) his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

18.     For the purposes of this Response Warden Williams concedes that DeJesus's Hepatitis C condition is serious. Therefore the second prong of the test is satisfied. Warden Williams, however, has not been deliberately indifferent to DeJesus's medical needs. DeJesus's medical records clearly show that he is being treated by the prison doctors. DeJesus is a member of the Chronic Care Clinic, his records indicate that

he is seen by medical staff several times each month and he receives tests to monitor his condition. Given his treatment by the medical staff, DeJesus cannot prove that Warden Williams has been deliberately indifferent to his medical needs.

19. Moreover DeJesus has failed to indicate what he believes should be his proper course of treatment. DeJesus attached to his Motion for Injunctive Relief a letter from Dr. Joi A. Johnson Weaver that appears to provide a generalized "opinion" regarding the type of treatment DeJesus should receive. This letter, however, fails to comply with the Federal Rules of Civil Procedure (the "Federal Rules") and should not be considered in deciding this Motion for Injunctive Relief.

20. Federal Rule 26(a)(2)(B) states that if a witness is to provide expert testimony in a case the witness must produce a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] … the qualifications of the witness...." FED. R. CIV. P. 26(a)(2)(B).

21. The letter from Dr. Weaver fails to comply with any of Rule 26(a)(2)(B)'s requirements. The letter does not detail Dr. Weaver's qualifications nor does it provide Dr. Weaver's basis for her opinion. Moreover the letter fails to state whether Dr. Weaver has ever examined DeJesus, whether she possesses the qualifications to render an opinion about the health of a man with Hepatitis C, her knowledge of the current practice guidelines regarding Hepatitis C or whether she has any expertise in the area of prison health care. Dr. Weaver's letter is devoid of the necessary requirements for an expert report and should not be considered by this Court in determining whether Warden Williams has been deliberately indifferent to DeJesus's medical needs.

22.    DeJesus's medical records indicate that he has been and continues to be under the treatment of the prison doctors.  Therefore DeJesus cannot prove that he is likely to succeed on the merits of his deliberate indifference claim against Warden Williams and the Motion for Injunctive Relief should be denied.

## II.    Plaintiff Will Not Suffer Irreparable Injury If The Request For Injunctive Relief Is Denied.

23.    To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp*., 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).   Injunctions are not issued to eliminate a possibility of a remote future injury.  *Id.*  Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).  Moreover injunctive relief is used to prevent definite future harms, not to remedy past violations.  *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

24.    Plaintiff cannot prove that he will suffer irreparable injury if his request for relief is denied.  Plaintiff's medical records appear to indicate that he is, in fact, receiving monitoring and tests for his medical condition.  Moreover his records state that the prison doctors plan on scheduling him for a biopsy.  (See Exhibit "B").  The records do not support Plaintiff's allegations that he is not receiving treatment at this point in time and will not receive it in the future.  Therefore Plaintiff cannot show that he is in danger of suffering irreparable harm and he cannot support a claim for injunctive relief.

25.     DeJesus's medical records appear to indicate that the medical staff is testing and monitoring his Hepatitis C condition.   His allegations of deliberate indifference against Warden Williams cannot be supported.   Therefore DeJesus cannot meet his burden for a preliminary injunction and the Motion for Injunctive Relief should be denied as to Warden Williams.

WHEREFORE, Warden Williams respectfully requests that this Honorable Court deny Plaintiff's Motion for Injunctive Relief.


**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendant Warden
Raphael Williams

Dated: September 20, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,        )
        )
        Plaintiff,       )
        )
        )    Civil Action No. 06-209-JJF
        v.       )
        )    Jury Trial Requested
        )
WARDEN RAPHAEL WILLIAMS, CMS, )
DANA BAKER, and  WILLIAM JOYCE, )
        )
        Defendants.     )

## <u>ORDER</u>

Upon the Plaintiff's Motion For Injunctive Relief (D.I. 19), and State Defendant Warden Raphael Williams's Response In Opposition To Plaintiff's Motion For Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Injunctive Relief is **DENIED** as to Defendant Warden Raphael Williams.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# SEALED
# EXHIBIT A

# SEALED
# EXHIBIT B

# SEALED
# EXHIBIT C

# SEALED
# EXHIBIT D

# SEALED
# EXHIBIT E

# SEALED
# EXHIBIT F

# SEALED
# EXHIBIT G

# SEALED EXHIBIT H