IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civ. No. 06-209-JJF |
| | ) |
| WARDEN REPHEAL WILLIAMS, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are motions for injunctive relief and for appointment of counsel filed by Plaintiff David DeJesus, Sr. (D.I. 12, 19, 26.) Plaintiff filed a civil rights case alleging deliberate indifference to a serious medical need (i.e., Hepatitis C). His Motion for Injunctive Relief, filed September 8, 2006, seeks immediate medical care for his condition. (D.I. 19.) On September 13, 2006, the Court ordered Defendants to respond to the motion, State Defendant Raphael Williams filed a timely response, and Plaintiff filed a reply. (D.I. 20, 22, 24.) Plaintiff filed a second Motion for Injunctive Relief on October 4, 2006, and again complained about the medical care he receives and also asked that he not be transferred to the Delaware Correctional Center ("DCC"). (D.I. 26.)

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained

of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted). It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992).

Plaintiff's motion, filed September 8, 2006, seeks medical treatment for his condition of Hepatitis C. (D.I. 19.) In support of his motion, Plaintiff submitted a letter from Dr. Joi A. Johnson-Weaver ("Dr. Johnson-Weaver") of the Westside Health practice. The letter from Dr. Johnson-Weaver states that Plaintiff was a past patient at Westside Health with a history of Hepatitis C and that an appropriate course of action would be the drawing of a liver profile and referring Plaintiff to a gastroenterologist if liver function was abnormal. In Plaintiff's second Motion for Injunctive Relief he complains of pain and inadequate medical treatment. (D.I. 26.)

Additionally, Plaintiff seeks injunctive relief to preclude Defendants from transferring him from the Howard R. Young Correctional Institution to the DCC. Plaintiff explains he is always sent to the Sussex Correctional Institute, rather than the

DCC, because he assisted the Wilmington Police Department with a drug bust and if transferred to DCC he will be killed.

State Defendant Williams submitted Plaintiff's medical records and asserted that Plaintiff is receiving appropriate medical care. Defendant argues that Plaintiff is not likely to succeed on the merits and that Plaintiff will not suffer irreparable injury if the Motion for Injunctive Relief is denied.

Upon review of the pleadings filed as well as Plaintiff's medical records, the Court finds that Plaintiff has not met his burden to show a likelihood of success on the merits.

The intake screening report, dated October 18, 2005, refers to Plaintiff's Hepatitis C status. (D.I. 22, Ex. A.) The medical records indicate that Plaintiff was monitored by the Chronic Care Clinic and was seen on November 21, 2005, January 19, 2006, March 29, 2006, May 10, 2006, and June 14, 2006. Id. at Ex. B. He also received medical care or treatment from Correctional Medical Services on October 21, 2005, October 25, 2005, December 19, 2005, December 20, 2005, December 21, 2005, December 22, 2005, December 23, 2005, December 24, 2005, January 3, 2006, January 6, 2006, January 19, 2006, February 22, 2006, March 9, 2006, March 17,2 006, May 15, 2006, March 26, 2006, March 27, 2006, March 28, 2006, April 3, 2006, April 6, 2006, April 12, 2006, May 16, 2006, May 22, 2006, May 29, 2006, May 31, 2006, June 22, 2006, and June 26, 2006. Id. Blood was collected

for analysis on November 21, 2005, March 8, 2006, March 9, 2006, March 17, 2006, April 6, 2006, May 15, 2006, June 26, 2006, and June 27, 2006. Id. at Ex. F. Other testing included renal ultrasounds on December 22, 2005 and January 4, 2006, and an abdominal ultrasound on May 1, 2006. Id. at Ex. G, H. Following the filing of the September 8, 2006 Motion for Injunctive Relief, Plaintiff underwent a Hepatitis C medical evaluation on September 20, 2006. Id. at Ex. E. On the same date, a physician ordered medical tests including blood work, a chest x-ray and an optometrist consultation for Hepatitis C. Id. at Ex. D.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). It is evident that Plaintiff is receiving consistent medical care and that his Hepatitis C condition is being monitored. Notably, after filing his Motion for Injunctive Relief and the Court ordering Defendants to respond to the motion, Plaintiff underwent a Hepatitis C evaluation. While Plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate

indifference to his serious medical need.

Further, although Plaintiff expresses concern for his safety if he is transferred to DCC, the transfer has not yet occurred. More important is that Plaintiff cannot prevail on his request to preclude a transfer to DCC because an inmate has no reasonable expectation that he will be incarcerated in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 243 (1976); Meachum v. Fano, 427 U.S. 215, 226 (1976); Burke v. Romine, 85 Fed. Appx. 274, 277 (3d Cir. 2003).

Plaintiff has failed to meet the first prong necessary for imposition of injunctive relief in either of his motions; he has not demonstrated the likelihood of success on the merits. Hence, the Court will deny his motions for injunctive relief.

The Court also takes into consideration Plaintiff's Motion for Appointment of Counsel and it is denied without prejudice. (D.I. 12.) At this juncture in the case, Plaintiff has shown that he is able to clearly articulate the alleged facts and issues. See Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

NOW THEREFORE, IT IS HEREBY ORDERED this 20 day of October, 2006, that:

1. The Motions for Injunctive Relief (D.I. 19, 26) are **DENIED**.

2.   The Motion for Appointment of Counsel (D.I. 12) is

**<u>DENIED</u>** **<u>WITHOUT</u>** **<u>PREJUDICE</u>**.

_____<br>
UNITED STATES DISTRICT JUDGE