IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-209-JJF |
| v. ) | |
| ) | Jury Trial Requested |
| ) | |
| WARDEN RAPHAEL WILLIAMS, CMS, ) | |
| DANA BAKER, and WILLIAM JOYCE, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANT WARDEN RAPHAEL WILLIAMS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS**

**STATEMENT OF FACTS**

1. Plaintiff David DeJesus, Sr. ("DeJesus" or "Plaintiff") is an inmate presently incarcerated at Howard R. Young Correctional Institution ("Howard Young"). DeJesus is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On March 30, 2006, DeJesus filed a complaint against Repheal [sic] Williams and C-M-S (the "Initial Complaint") (D.I. 2). In his Initial Complaint, DeJesus alleges that he has a bad liver and that he told "them" about his liver. (Initial Complaint at Statement of Claim). DeJesus also claims that he has Hepatitis C and that he put in a medical grievance and received "no answer from any one of my Defendants…." (Initial Complaint at Statement of Claim).

3. On June 13, 2006, the Court entered an Order dismissing Plaintiff's Initial Complaint. (D.I. 8). The Court held that Plaintiff's Complaint failed to state a claim upon which relief could be granted. Specifically, the Court stated that, "The complaint fails to set forth the acts or inactions of Defendants and it does not indicate

when the alleged acts took place." (June 13, 2006 Order at 4.) The Court further found that, "As the complaint now stands, the allegations against Warden Williams and CMS do not rise to the level of a constitutional violation." *Id*. The Court then dismissed the Initial Complaint but granted DeJesus leave to amend his complaint to attempt to allege an Eighth Amendment deliberate indifference claim against the Defendants. *Id.*

4. Approximately one month later, on July 14, 2006, DeJesus filed an Amended Complaint. (D.I. 10). In the Amended Complaint, DeJesus maintains his action against Warden Williams and CMS. DeJesus also adds two more defendants – William Joyce and Dana Baker. The Amended Complaint alleges that, "I have put copy of the name of all my Defendants that are not helping me with my Health. Please help, I can't spell or write that good." (Amended Complaint at Statement of Claim). DeJesus then requests relief for medical neglect and pain and suffering "for all they have put me through." (Amended Complaint at "Relief").

5. On September 8, 2006, DeJesus filed a letter with the Court claiming that he is not getting proper medical treatment for his Hepatitis C condition. (D.I. 19). The Court construed Plaintiff's letter as a motion for injunctive relief for treatment of his Hepatitis C and ordered the Defendants to file a response. (D.I. 20).

6. Warden Williams filed a response in opposition to Plaintiff's Motion for Injunctive Relief on September 20, 2006. (D.I. 22). In his response, Warden Williams asserts that DeJesus is receiving medical treatment, monitoring and care by the medical services department of Howard Young. In support of his response, Warden Williams submitted several medical documents referring to the medical staff's treatment, monitoring and care of DeJesus's medical condition.

7. On October 4, 2006, DeJesus filed a second request for injunctive relief with the Court. (D.I. 26). The second request continues to allege that the Defendants are not providing DeJesus with proper medical treatment. In support of the second request, DeJesus submitted to the Court over thirty (30) pages of documentation. Contained in the documents are several memoranda from the office of Warden Williams to DeJesus. In each of the memorandum Warden Williams informs DeJesus that he has referred DeJesus's medical complaints to the medical department. (See D.I. 26; Documents also attached hereto as Exhibit "A").

8. Less than one month after Plaintiff's second request, on October 20, 2006, the Court entered an order denying both of Plaintiff's motions for injunctive relief. (D.I. 28). In denying the Plaintiff's requests the Court held that, "It is evident that Plaintiff is receiving consistent medical care and that his Hepatitis C condition is being monitored." (October 20, 2006 Memorandum Order at 4). The Court further held that, "While Plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate indifference to his serious medical need." (October 20, 2006 Memorandum Order at 5).

9. Warden Williams is the only state defendant in this proceeding. Howard Young is not a party to this action. On October 23, 2006, Warden Williams filed a Motion to Dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). This is Warden Williams's Memorandum of Points and Authorities in support of the Motion to Dismiss.

**MEMORANDUM OF LAW**

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, the Court asks whether, "'the facts alleged in the complaint, even if true, fail to support the ... claim.'" *Id.* (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988)). A court must grant a motion to dismiss where "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Incorporated*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Given that no set of facts support Plaintiff's claims against Warden Williams, the Motion to Dismiss should be granted.

**I.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT BY WARDEN WILLIAMS.**

To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation, a plaintiff must show that the defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, a plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there

must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).

In this case, DeJesus has failed to allege any personal involvement by Warden Williams. Plaintiff's Amended Complaint states only that, "I have put copy of the name of all my Defendants that are not helping me with my Health." (Amended Complaint at Statement of Claim). Warden Williams, however, does not treat Plaintiff's medical needs. Rather, Plaintiff receives medical care from Correctional Medical Services, an independent health care provider. Thus Warden Williams does not have personal involvement in the health care DeJesus receives.

Moreover, to the extent DeJesus contends that the filing of his medical grievances and the letters he sent to Warden Williams establishes Warden Williams's personal involvement, Plaintiff's contention is error. This Court has held that, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)). Therefore, DeJesus's medical grievances and letters are not enough to impute knowledge or personal involvement to Warden Williams. *See Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208)).

Given that Plaintiff cannot prove that Warden Williams is personally involved in his medical treatment or care, the claims against Warden Williams for deliberate indifference to DeJesus's medical needs should be dismissed for failure to state a claim upon which relief may be granted.

## II.   PLAINTIFF'S EIGHTH AMENDMENT RIGHTS HAVE NOT BEEN VIOLATED.

Prison systems must provide prisoners with adequate medical care. *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). "In order to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Id.*

To demonstrate a cognizable claim of deliberate indifference under the Eighth Amendment a prisoner must prove that, (1) the defendant was deliberately indifferent to his medical needs; and (2) his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer*, 991 F.2d at 69. Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff cannot prove that Warden Williams is deliberately indifferent to his medical needs. As this Court stated in its October 20, 2006 Memorandum Order, "it cannot be said that there is … deliberate indifference to [DeJesus's] medical need." (October 20, 2006 Memorandum Order at 4). The Court further stated that, the "Plaintiff is receiving consistent medical care and … his Hepatitis C condition is being monitored." *Id*. Given that this Court has held that DeJesus cannot prove a claim of deliberate indifference, the claims against Warden Williams should be dismissed for failure to state a claim upon which relief may be granted.

In addition, the documents submitted by DeJesus in his second motion for injunctive relief clearly show that Warden Williams is referring DeJesus's medical complaints to the medical department. (See D.I. 26; Documents also attached hereto as Exhibit "A"). Therefore, although Warden Williams does not personally treat DeJesus's medical condition, he is referring DeJesus's complaints to the appropriate party. Such conduct should not be considered deliberate indifference by a prison official.

Plaintiff cannot demonstrate a cognizable claim of deliberate indifference against Warden Williams. Therefore, Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.   WARDEN WILLIAMS IS IMMUNE FROM LIABILITY FOR PLAINTIFF'S CLAIMS.

A review of the allegations in Plaintiff's Amended Complaint clearly reveals that Warden Williams is immune from liability in this case in his official and individual capacities.

#### A. The Eleventh Amendment protects Warden Williams from liability in his official capacity.

Plaintiff's Complaint appears to allege that Warden Williams is liable in his official capacity as the Complaint names the Defendant as Warden Raphael Williams. To the extent Plaintiff seeks to hold Warden Williams liable in his official capacity, Warden Williams is immune from liability under the Eleventh Amendment.

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme

Court has held that the Eleventh Amendment immunizes a state "from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

"The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F.Supp.2d 672, 678 (D. Del. 2002). The United States Congress can waive a state's sovereign immunity, and therefore, its Eleventh Amendment immunity, through the Fourteenth Amendment, however, a clear indication of Congress's intent to waive the state's immunity is required. *Id.* No such clear intent is present in 42 *U.S.C.* § 1983. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 *U.S.C.* § 1983.

A suit against a state official in his official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, Warden Williams, in his official capacity, is not a "person" for purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, he is outside the class of persons subject to liability under 42 *U.S.C.* § 1983 and this Court lacks jurisdiction over Warden Williams in his official capacity. Therefore dismissal is appropriate.

  **B. The doctrine of qualified immunity protects Warden Williams from liability in his individual capacity.**

Plaintiff cannot maintain an action against Warden Williams in his individual capacity pursuant to the doctrine of qualified immunity.

Government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, state defendants are entitled to qualified immunity where they acted in good faith, without gross or wanton negligence, in the performance of their discretionary duties. *Vick v. Haller*, 512 A.2d 249, 252 (Del. Super. 1986).

Given that DeJesus is under the care of medical staff, Warden Williams could not have been aware that he was violating the Plaintiff's constitutional rights. Moreover, Warden Williams's responses to DeJesus – referring DeJesus's medical complaints to the medical staff – reflect that Warden Williams was making a good faith effort at getting DeJesus medical assistance. Warden Williams then did not act with gross or wanton negligence and he should be immune from liability.

WHEREFORE, Warden Williams respectfully requests that this Honorable Court grant the Motion to Dismiss filed simultaneously herewith and dismiss this case as to Defendant Warden Raphael Williams.

        **DEPARTMENT OF JUSTICE**
        **STATE OF DELAWARE**

        */s/ Erika Y. Tross*
        Erika Y. Tross (#4506)
        Deputy Attorney General
        Carvel State Office Building, 6th Floor
        820 N. French Street
        Wilmington, DE 19801
        (302) 577-8400
            Attorney for Defendant Warden
            Raphael Williams

Dated: October 23, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 23, 2006, I caused a true and correct copy of the attached *State Defendant Warden Raphael Williams's Memorandum Of Points And Authorities In Support Of The Motion To Dismiss* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

David DeJesus, Sr.
Howard R. Young Correctional Institution
P. O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO: David DeJesus, 209513
2L Pod

FROM: Warden Raphael Williams

DATE: March 29, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

Your recent correspondence to attorney Sidney Balick has been returned to me. I have alerted the medical department to your concerns.

RW:adc

**DISTRIBUTION**

Dana Baker, Health Care Administrator
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO:     David DeJesus, 209513
        Y Pod

FROM:   Warden Raphael Williams

DATE:   May 30, 2006

SUBJ:   **YOUR RECENT CORRESPONDENCE**

The medical unit will address your concern.

RW:adc

**DISTRIBUTION**

Mr. Joyce, HSA
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO: David DeJesus, 209513
Y Pod

FROM: Warden Raphael Williams

DATE: June 5, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

    Your correspondence has been forwarded to Mr. Joyce for review and any action deemed appropriate.

RW:adc

## DISTRIBUTION

William Joyce, HSA
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

### MEMORANDUM

TO: David DeJesus, 209513
    Y Pod

FROM: Warden Raphael Williams

DATE: August 31, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

The medical unit has been alerted to your concern.

RW:adc

### DISTRIBUTION

William Joyce, CMS
File