# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-209-JJF |
| ) | |
| WARDEN RAPHAEL WILLIAMS, CMS, ) | JURY TRIAL |
| DANA BAKER, and WILLIAM JOYCE, ) | DEMANDED |
| ) | |
| Defendants. ) | |

## MOTION OF DEFENDANT, CMS, TO DISMISS PLAINTIFF'S COMPLAINT[1]

Defendant, CMS (correctly named Correctional Medical Services, Inc.), through its undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing Plaintiff's Complaint with prejudice and, in support thereof, avers as follows:

1. Plaintiff filed a Complaint in this matter on March 30, 2006 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. An Amended Complaint was filed on July 12, 2006. A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff alleges that while at Howard R. Young Correctional Institution ("HRYCI") medical officials have not helped him with his health. See Exhibit "1" at ¶ IV(1). In attachments filed with Plaintiff's Amended Complaint, it appears that he has Hepatitis C and is having ailments associated therewith. See Exhibit "2".

3. In the attachments to Plaintiff's Amended Complaint, he seems to allege that he was not provided adequate treatment. However, he admits that he received blood tests on March 9, 2006; March 17, 2006; April 6, 2006; June 27, 2006  He also had an ultrasound on his liver on

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, moving defendant reserves the right to file a Reply Brief.

April 3, 2006 and an x-ray of his chest on June 22, 2006. In addition, he had a consultation with mental health on July 6, 2006. Plaintiff has filed numerous Medical Grievance forms. See Exhibit "1" ¶ IV (a). Plaintiff filed medical grievances on October 25, 2005; March 6, 2006; and April 16, 2006 which were heard by the Grievance Committee on June 8, 2006. See Exhibit "2". The Grievance Committee denied Plaintiff's grievances.

4. In his Complaint, plaintiff states that there is a prisoner grievance procedure at his institution of incarceration and states: a) that he filed medical grievance and b) the medical grievances were denied. See Exhibit "1" at ¶ II (A) and (C)(1-2).

5. The plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

6. The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"); see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.). "(P)risoners must now exhaust all 'available' remedies, not just those that meet federal standards." Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006). Proper exhaustion is required and this "demands compliance with an agency's deadlines and other critical procedural rules." Id. at 2386.

7. Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

8. The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "3", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson ("IGC") who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

9. If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "3", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

10. It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Complaint that he filed a medical grievance and a hearing was heard in which an adverse decision was rendered See Exhibit "1" at ¶ II. However, there is no indication that a Medical Grievance Committee Appeal Statement was filed with regards to the medical grievance hearing decision or that any other medical grievances were filed. In addition, Plaintiff filed this Complaint before the Grievance Committee had convened to decide

Plaintiff's grievances. The grievances were filed on October 25, 2005; March 6, 2006 and April 16, 2006. The Complaint was filed with this Court on March 30, 2006. The Grievance Committee convened on June 8, 2006 and rendered its decision that day.

11.     42 U.S.C. §1997e(a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. O'Neil v. Kearney, et al., C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (citing Nyhuis v. Reno, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "4"). At the time this action was filed procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources. At the time Plaintiff's Complaint was filed, the Grievance Committee had not convened to render a decision regarding Plaintiff's grievances. Therefore, plaintiff's Complaint must be dismissed.

12.     In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert.

denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

13. The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received, this alone does not support a claim for violation of his civil rights under 42 U.S.C. § 1983. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". Norris v. Frame, 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment. Boring, 833 F.2d at 473.

14. Plaintiff has received adequate medical treatment and his medical conditions have not been consciously disregarded. Plaintiff admits in the attachments to his Amended Complaint that he received blood tests on March 9, 2006; March 17, 2006; April 6, 2006; and June 27, 2006. He also had an ultrasound on his liver on April 3, 2006 and a chest x-ray on June 22, 2006. See Exhibit "1". In addition, Plaintiff's medical records reveal that Plaintiff was seen by the medical staff on December 19, 2005; December 20, 2005; December 22, 2005; January 6, 2006; March 26, 2006; March 28, 2006; April 3, 2006; May 22, 2006; May 31, 2006 and June 22, 2006. In addition, an ultrasound was performed on his kidneys on December 22, 2005 and January 4, 2006; his abdomen on April 3, 2006; and on his liver on May 1, 2006. On June 22, 2006, an x-ray of the chest was taken. Blood samples were obtain and tested on November 22,

2005; March 9, 2006; March 17, 2006; April 6, 2006; May 15, 2006; May 18, 2006; June 27, 2006; and June 28, 2006. On September 20, 2006, Plaintiff was referred for a consultation with an optometrist due to Hepatitis C and a chest x-ray was ordered. In addition, as is reflected in the medical records and was found by this Court in its October 20, 2006 Memorandum Order, Plaintiff received treatment from the Chronic Care Clinic for Hepatitis C on November 21, 2005; January 19, 2006; March 29, 2006; May 10, 2006 and June 14, 2006. Lastly, a comprehensive mental health evaluation was performed on March 27, 2006. Plaintiff's medical records from 2005 through 2006 are attached as Exhibit "5".

15. CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'" Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)). (Attached as Exhibit "6").

16. "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

17. "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates." Whalen, C.A. No. 02-246-JJF Mem. Op. at 4. See Exhibit "6". "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

18.     In this case, Plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

19.     Moreover, CMS cannot be held responsible for the acts of its employees under a theory of <u>respondeat superior</u> in an action under the Eighth Amendment.  Private corporations that provide medical services for the State cannot be held liable under a theory of <u>respondeat superior</u>.  <u>Swan v. Daniels</u>, 923 F. Supp. 626, 633 (D. Del. 1995); <u>Miller v. Correctional Medical Systems, Inc.,</u> 802 F. Supp. 1126, 1132 (D. Del. 1992).  For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior."  <u>Rode v. Dellarciprete</u>, 845 F.2d. 1195, 1207 (1988).

20.     A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.  Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  See <u>Riddle v. Mondragon</u>, 83 F. 3d 1197, 1202 (10th Cir. 1996).  As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Correctional Medical Services, Inc., move this Honorable Court to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

BY:   */s/ Eric Scott Thompson*
       KEVIN J. CONNORS, ESQ.
       DE Bar ID: 2135
       ERIC SCOTT THOMPSON, ESQ.
       DE Bar ID: 4633
       1220 North Market Street, 5th Fl.
       P.O. Box 8888
       Wilmington, DE 19899-8888
       Attorneys for Defendant, Correctional Medical
       Services, Inc.

DATED: November 2, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\386174\ESTHOMPSON\13252\00174

# CERTIFICATE OF SERVICE

I, Kevin J. Connors, hereby certify that two (2) copies of the **MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, TO DISMISS PLAINTIFF'S COMPLAINT** have been served by E-File to:

Erika Yvonne Tross, Esquire
Delaware Department of Justice
820 North French Street
6th Floor
Wilmington, DE 19801
Attorney for Warden Raphael Williams

and served by regular mail to:

David DeJesus, Sr.
SBI #209513
Herbert R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

                                            MARSHALL, DENNEHEY, WARNER,
                                            COLEMAN & GOGGIN

BY:   */s/ Eric Scott Thompson*
           KEVIN J. CONNORS, ESQ.
           DE Bar ID: 2135
           ERIC SCOTT THOMPSON, ESQ.
           DE Bar ID: 4633
           1220 North Market Street, 5th Fl.
           P.O. Box 8888
           Wilmington, DE 19899-8888
           Attorneys for Defendant, Correctional
           Medical Services, Inc.

DATED: November 2, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\386245\ESTHOMPSON\13252\00174

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-209-JJF |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, CMS, | ) | JURY TRIAL |
| DANA BAKER, and WILLIAM JOYCE, | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |

## ORDER

ON THIS _____ day of _____ , 2006, having considered the Motion of Defendant, Correctional Medical Services, Inc., to Dismiss Plaintiff's Complaint, and all Responses thereto, and there being good cause to grant such Motion,

IT IS ORDERED THAT all claims against Defendant, Correctional Medical Services, Inc., is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                                                             The Honorable Joseph J. Farnan, Jr.

\15_A\LIAB\ESTHOMPSON\LLPG\386247\ESTHOMPSON\13252\00174

# EXHIBIT 6

1 of 1 DOCUMENT

FRANK WHALEN, JR., Plaintiff, v. CORRECTIONAL MEDICAL SERVICES, DR. KEITH IVENS AND MELODY A. THORPE, Defendants.

Civil Action No. 02-246 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 21334

November 20, 2003, Decided

**SUBSEQUENT HISTORY:** Complaint dismissed at *Whalen v. Ivens*, 2004 U.S. Dist. LEXIS 9532 (D. Del., May 11, 2004)

**PRIOR HISTORY:** *Whalen v. Corr. Med. Serv.*, 2003 U.S. Dist. LEXIS 14562 (D. Del., Aug. 18, 2003)

**DISPOSITION:** [*1] Motion to dismiss complaint granted.

**COUNSEL:** Frank Whalen, Jr., Pro se Plaintiff

Kevin J. Conners, Esquire of MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN, Wilmington, Delaware. Attorney for Defendant, Melody A. Thorpe.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

MEMORANDUM OPINION

Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is the Motion Of Defendant, Melody A. Thorpe, To Dismiss Plaintiff's Complaint. (D.I. 35.) For the following reasons, the Court will grant Defendant's Motion.

BACKGROUND

Plaintiff is an inmate alleging that various acts by Correctional Medical Services and its employees amounted to a deliberate indifference to his medical needs, and therefore, violated his Eighth Amendment rights. Plaintiff alleges that during his incarceration Defendant administered to him an excessive amount of the drug Nubain, leading to his "near death and paralysis." (D.I. 2.) Defendant is a nurse practitioner who was employed by Correctional Medical Services at the time Plaintiff was treated. By her Motion (D.I. 35), Defendant moves [*2] to dismiss Plaintiff's Complaint.

STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*, a court must "accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle him or her to relief. A court is to construe a handwritten pro se complaint liberally, holding it to a less stringent standard than pleadings drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

DISCUSSION

Defendant contends that Plaintiff has not satisfied the notice pleading required of *Federal Rule of Civil Procedure 8(a)*. Specifically, Defendant contends that Plaintiff's Complaint does not state a claim of deliberate indifference amounting to an Eighth Amendment violation. Further, Defendant contends that Plaintiff's Complaint [*3] does not allege that she personally committed any acts amounting to a deliberate indifference to Plaintiff's medical needs. In response, Plaintiff contends that his Complaint sufficiently alleged acts demonstrating Defendant's deliberate indifference in administering excessive doses of Nubain thereby leading to his alleged injury.

In order to successfully allege a *Section 1983* action for failure to provide medical care under the Eighth Amendment, an inmate plaintiff must allege practices that violate "evolving standards of decency." *Estelle*, 429 U.S.

at 102. Medical malpractice does not become an *Eighth Amendment* violation merely because the plaintiff is a prisoner. *Id. at 105.* Instead, the defendant's action must be said to constitute "'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id. at 106.* To meet this standard of deliberate indifference, the defendant must know of the inmate's condition and disregard an excessive risk of the inmate's health or safety. *Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994).* Applying these standards, [*4] the Court will grant Defendant's motion to dismiss.

In his Complaint, Plaintiff alleges that "he was given an overdose of the Narcotic [sic] Nubain by defendants on 12-18-2000 at 2:30 P.M.; which led to plaintiff coming near death and paralysis." (D.I. 2.) Although this allegation sufficiently pleads an action for medical malpractice, an incident of medical malpractice does not amount to an *Eighth Amendment* violation simply because Plaintiff is an inmate. See *Estelle, 429 U.S. at 102.* Accordingly, even when viewing Plaintiff's Complaint under the liberal standards provided by *Rule 8(a)* and *Estelle*, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

An appropriate order will be entered.

ORDER

WHEREAS the Defendant Melody A. Thorpe filed a Motion To Dismiss Plaintiff's Complaint (D.I. 35);

IT IS HEREBY ORDERED this 20 day of November, 2003, that Defendant Melody A. Thorpe's Motion To Dismiss Plaintiff's Complaint (D.I. 35) is GRANTED.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

# SEALED DOCUMENT

# SEALED DOCUMENT

# SEALED DOCUMENT