IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 06-209-JJF |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| WARDEN RAPHAEL WILLIAMS, CMS, | ) |
| DANA BAKER, and WILLIAM JOYCE, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANT WARDEN RAPHAEL WILLIAMS'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTIONS FOR INJUNCTIVE RELIEF [RE: D.I. 41 & 42]</u>**

COMES NOW, State Defendant Warden Raphael Williams ("Warden Williams"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motions For Injunctive Relief (the "Motions for Injunctive Relief") (D.I. 41 & 42). In support of the Response, Warden Williams states as follows:

  1.  Plaintiff David DeJesus, Sr. ("DeJesus" or "Plaintiff") is an inmate presently incarcerated at Howard R. Young Correctional Institution ("Howard Young"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

  2.  DeJesus's present incarceration at Howard Young began on October 18, 2005. According to his medical records he was diagnosed with Hepatitis C in 1999, approximately six (6) years prior to his present incarceration.

  3.  On March 30, 2006, DeJesus filed a complaint against Repheal [sic] Williams and C-M-S (the "Initial Complaint") (D.I. 2). In his Initial Complaint DeJesus alleged that he has a bad liver and that he told "them" about his liver. DeJesus

also claimed that he has Hepatitis C and that he put in a medical grievance and received "no answer from any one of my Defendants…." (Initial Complaint at Statement of Claim).

    4.    On June 13, 2006, the Court entered an Order dismissing Plaintiff's Initial Complaint for failure to state a claim upon which relief may be granted. (D.I. 8). One month later, on July 14, 2006, DeJesus filed an Amended Complaint. In the Amended Complaint DeJesus alleged that, "I have put copy of the name of all my Defendants that are not helping me with my Health." (Amended Complaint at Statement of Claim). DeJesus then requested relief for medical neglect and pain and suffering "for all they have put me through." (Amended Complaint at "Relief").

    5.    On September 8, 2006, DeJesus filed a letter with the Court claiming that he is not getting proper medical treatment for his Hepatitis C condition. (D.I. 19). The Court construed Plaintiff's letter as a motion for injunctive relief for treatment of his Hepatitis C and ordered the Defendants to file a response. (D.I. 20).

    6.    Warden Williams filed a response in opposition to Plaintiff's Motion for Injunctive Relief on September 20, 2006. (D.I. 22). In his response, Warden Williams asserted that DeJesus is receiving medical treatment, monitoring and care by the medical services department of Howard Young. In support of his response, Warden Williams submitted several medical documents referring to the medical staff's treatment, monitoring and care of DeJesus's medical condition.

    7.    On October 4, 2006, DeJesus filed a second request for injunctive relief with the Court. (D.I. 26). The second request continued to allege that the Defendants are not providing DeJesus with proper medical treatment. In support of the

second request, DeJesus submitted to the Court over thirty (30) pages of documentation. Contained in the documents are several memoranda from the office of Warden Williams to DeJesus in which Williams informs DeJesus that he has referred DeJesus's medical complaints to the medical department. (Exhibit "A").

        8.    Less than one month after Plaintiff's second request, on October 20, 2006, the Court entered an order denying both of Plaintiff's motions for injunctive relief. (D.I. 28). In denying the Plaintiff's requests, the Court held that, "It is evident that Plaintiff is receiving consistent medical care and that his Hepatitis C condition is being monitored." (October 20, 2006 Memorandum Order at 4). The Court further held that, "While Plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate indifference to his serious medical need." (October 20, 2006 Memorandum Order at 5).

        9.    On December 12, 2006, DeJesus filed a letter with the Court again claiming that he is not receiving medical treatment for his medical condition. (D.I. 41). Ten days later, on December 22, 2006, DeJesus filed another letter with the Court contending that he is not receiving proper medical care. (D.I. 42).

        10.    On January 5, 2007, this Court entered an Order construing DeJesus's letters as motions for injunctive relief for treatment of his Hepatitis C. (D.I. 43). The Court also ordered Defendants to file a response. This is Warden Raphael Williams's Response in Opposition to the Motions for Injunctive Relief.

        11.    A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

12. The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

13. To obtain a preliminary injunction DeJesus must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his deliberate indifference claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

### I. DeJesus Is Not Likely To Succeed On The Merits Of His Deliberate Indifference Claim.

14. To demonstrate a likelihood of success on the merits of a claim for deliberate indifference pursuant to 42 *U.S.C.* § 1983 a plaintiff must first prove that the defendant had personal involvement in the alleged wrongs. Second, he must demonstrate that his claims are likely to meet the test for deliberate indifference.

#### A. Warden Williams is not personally involved in DeJesus's medical treatment.

15. To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the

defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981). Further, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)).

16. Warden Williams is not involved in the medical treatment that DeJesus receives nor has DeJesus alleged in his Motions for Injunctive Relief or his Complaint that Warden Williams is personally involved in his medical treatment. Moreover DeJesus's medical grievances are not enough to impute knowledge or personal involvement to Warden Williams. *See Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208)). Therefore DeJesus is not likely to succeed on the merits of his § 1983 deliberate indifference action against Warden Williams and the Motion for Injunctive Relief should be denied.

    **B. Warden Williams has not been deliberately indifferent to DeJesus's medical needs.**

17. Assuming, *arguendo*, that DeJesus can demonstrate that Warden Williams is personally involved in his medical treatment, DeJesus must also show that he is likely to succeed on the merits of a deliberate indifference claim.

18. To demonstrate a cognizable claim of deliberate indifference under the Eighth Amendment a prisoner must prove that, (1) the defendant was deliberately indifferent to his medical needs; and (2) his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

19.    "Deliberate indifference has been found 'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Jordan v. Delaware*, 433 F.Supp.2d 433, 441 (D. Del. 2006) (quoting *Robinson v. Weiss*, 2001 WL 640980, at *4 (D. Del. May 9, 2001)).  A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

20.    DeJesus cannot prove that Warden Williams has been deliberately indifferent to his medical needs.  DeJesus's medical records show that he is being treated by the prison doctors.  Since the filing of his last letters, DeJesus has been seen by the medical staff on a number of occasions including visits with a physician in September, November and December 2006, and January 2007.  (Exhibit "B").  On November 28, 2006, he was given a vaccine for influenza.  (Exhibit "C").

21.    Further, the medical staff at Howard Young has requested that DeJesus receive a liver biopsy.  (Exhibit "D").  Although the request for a biopsy has not yet been approved and DeJesus has not yet received the biopsy, the lack of a biopsy is not indicative of deliberate indifference. *Jordan*, 433 F.Supp.2d at 441.  In *Jordan*, this Court found that the Sussex Correctional Institute medical staff's refusal to give the plaintiff, an inmate with Hepatitis C, a liver biopsy could not be considered deliberate

indifference, but, at most, amounted to "a claim of medical negligence." *Id.* Given that DeJesus continues to be monitored and treated by the medical staff and that he is awaiting scheduling of a liver biopsy, he cannot prove that Warden Williams has been deliberately indifferent to his medical needs.

22.     Further, as DeJesus admits, Warden Williams has been referring DeJesus's complaints and sick call requests to the medical department. (Exhibit "A"). Therefore, Warden Williams has taken the steps to make sure that DeJesus's complaints are being received by the appropriate medical staff. Warden Williams has not intentionally refused to provide DeJesus medical treatment, he has not delayed DeJesus from receiving medical treatment, nor has he prevented DeJesus from receiving treatment. DeJesus's medical records indicate that he has been and continues to be under the treatment of the prison doctors. Therefore, DeJesus cannot prove that he is likely to succeed on the merits of his deliberate indifference claim against Warden Williams and the Motions for Injunctive Relief should be denied.

> **II.     Plaintiff Will Not Suffer Irreparable Injury If The Requests For Injunctive Relief Are Denied.**

23.     To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Moreover, injunctive relief is used to prevent definite future

harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

24. Plaintiff cannot prove that he will suffer irreparable injury if his requests for relief are denied. Plaintiff's medical records appear to indicate that he is, in fact, receiving monitoring of his medical condition. Moreover his records indicate that the prison doctors plan on scheduling him for a biopsy. (See Exhibit "D"). The records do not support Plaintiff's allegations that he is not receiving treatment at this point in time and will not receive it in the future. Therefore, Plaintiff cannot show that he is in danger of suffering irreparable harm and he cannot support a claim for injunctive relief.

WHEREFORE, Warden Williams respectfully requests that this Honorable Court deny Plaintiff's Motions for Injunctive Relief.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendant Warden
Raphael Williams

Dated: January 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-209-JJF |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, CMS, | ) | |
| DANA BAKER, and WILLIAM JOYCE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon the Plaintiff's Motions For Injunctive Relief (D.I. 41 & 42), and State Defendant Warden Raphael Williams's Response In Opposition To Plaintiff's Motions For Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motions and Defendant's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motions For Injunctive Relief are **DENIED** as to Defendant Warden Raphael Williams.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on January 12, 2007, I caused a true and correct copy of the attached *State Defendant Warden Raphael Williams's Response In Opposition To Plaintiff's Motions For Injunctive Relief [Re: D.I. 41 & 42]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**
David DeJesus, Sr.
Howard R. Young Correctional Institution
P. O. Box 9279
Wilmington, DE 19809

**MANNER OF DELIVERY:**

☐ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

☐ Two true copies by Federal Express

☐ Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

TO: David DeJesus, 209513
2L Pod

FROM: Warden Raphael Williams

DATE: March 29, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

Your recent correspondence to attorney Sidney Balick has been returned to me. I have alerted the medical department to your concerns.

RW:adc

**DISTRIBUTION**

Dana Baker, Health Care Administrator
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO:   David DeJesus, 209513
      Y Pod

FROM: Warden Raphael Williams

DATE: May 30, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

The medical unit will address your concern.

RW:adc

## DISTRIBUTION

Mr. Joyce, HSA
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO:    David DeJesus, 209513
          Y Pod

FROM:  Warden Raphael Williams

DATE:  June 5, 2006

SUBJ:  **YOUR RECENT CORRESPONDENCE**

    Your correspondence has been forwarded to Mr. Joyce for review and any action deemed appropriate.

RW:adc

**DISTRIBUTION**

William Joyce, HSA
File



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

### MEMORANDUM

TO: David DeJesus, 209513
    Y Pod

FROM: Warden Raphael Williams

DATE: August 31, 2006

SUBJ: **YOUR RECENT CORRESPONDENCE**

The medical unit has been alerted to your concern.

RW:adc

### DISTRIBUTION

William Joyce, CMS
File

# SEALED EXHIBIT

# SEALED EXHIBIT

# SEALED EXHIBIT

Case 1:06-cv-00209-JJF   Document 46-5   Filed 01/12/2007   Page 2 of 2