To     U.S. District court
From   David DeJesus Jr
Date   2-10-07                                06-209(JJF)
Re     Did you get a letter?

    I write to you to see if you got a letter Dated back in 1-28-07 it said To U.S. District court & superior court of state of Delaware.

    Why I ask this is because I never got a Docket from your office saiding that you got it. I always get this when I send a letter to your court,

    I have copy of this, but I need to find out if you got this, if not it will show you that they let any letter they want, like I said they are playing with my mail, Please can you court order me to be move out of here

                        Thank you
                        David DeJesus Jr

PS. Here is copy's I hope they go out to your office

**FILED**
FEB 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

David DeJesus
SBI# 209513
H.R.Y.C.I.
P.O. Box 9561
Wilm, DE, 19809

To: U.S. District Court &
    Superior Court of State of Delaware                    1-28-07

Please add memos and corrispondence to my file. This is to help back up what I have been saying all along, that I ask for help and all I get is punishment. I have met with Dr. McDonald of Sussex Correctional Inst. (Georgetown) to schedule a Biopsy of my liver. This is the fourth one that has been scheduled the other three have gone by without one single attempt. I hope this time it is done. None the less Dr. McDonald said Georgetown was much better equipted to handle my illness and my recovery would be much faster there. Therefore I plead with the court to please transfer me to Georgetown prison where hopefully I can finally get the help I need.

Enclosed letters show how I have been placed in the "hole" maximum security because I would not sign into a program that my health was not ready to allow me to join. Of course my health still isn't able even Dr. Smith who saw me about 2 weeks ago said I wasn't fit for such a program.

I plead with you if at all possible transfer me so I can get help and get away from this cruel + unusual punishment of a person with illness.

(over)

Thank you
David DeJesus Sr

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
BUREAU OF ADULT CORRECTION

# HOWARD R. YOUNG CORRECTIONAL INSTITUTION
P.O. BOX 9279
WILMINGTON, DELAWARE 19809
TELEPHONE (302) 429-7700

MEMO:     Sanctioned Program

TO:       All Concerned Personnel

FROM:     Authorized Personnel, Michele Salter, Inmate Classification Officer
          (Name and Position)

SUBJ:     **I/M Dejesus, David**      **SBI #209513**      **LOC. Dorm 1**

DATE:     December 22, 2006

PROGRAM:  Key Civigenics

COMMENTS: Inmate refuses to sign consent to treatment, thereby refusing participating in program

The above inmate is determined in violation of DOC Policy 3.8 that requires that offenders participate in any treatment/rehabilitation program for which they are classified. BOP Procedure 4.2 list "Refusal to participate in a classified program or to behave in a way that results in removal" as a Class 1 Offense (1.29). As such, the above inmate will receive a Loss of All Privileges, (LOAP), be housed on the "Disciplinary Housing Unit"/"Special Management Unit", (1E/1F pod), and may be subject to a Class I report. By authority of same and in accordance with the established Non-Compliance Sanction Schedule for this violation, I hereby request the following sanction be imposed.

## PHASE I

**Start Date: December 22, 2006**                **End Date: January 4, 2006**

**XXX  Relocate to 1E/1F**                       **XXX  14 Days LOAP**

## PHASE II

_____ Class I report will follow

xc: Dave Williams, Security Superintendent       Relocated Housing Unit Officer
    Capt. Carol Jefferson                        Tysha Bryant, Classification Officer II
    Capt. David Bamford                          Program (sanctioned)
    Capt. Balwant Singh                          Classification File
    Primary Control                              Inmate File
    Secondary Control                            Inmate
    Current Housing Unit Officer                 File

Rev. 11/05

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
BUREAU OF ADULT CORRECTION

# HOWARD R. YOUNG CORRECTIONAL INSTITUTION

P.O. BOX 9279
WILMINGTON, DELAWARE 19809
TELEPHONE (302) 429-7700

MEMO: Sanctioned Program

TO: All Concerned Personnel

FROM: Authorized Personnel, Michele Salter, Inmate Classification Officer
(Name and Position)

**SUBJ: I/M Dejesus, David    SBI #209513**

DATE: January 3, 2007

PROGRAM: Key Civigenics

COMMENTS: Inmate refuses to sign consent to treatment, thereby refusing participating in program

The above inmate is determined in violation of DOC Policy 3.8 that requires that offenders participate in any treatment/rehabilitation program for which they are classified. BOP Procedure 4.2 list "Refusal to participate in a classified program or to behave in a way that results in removal" as a Class 1 Offense (1.29). As such, the above inmate will receive a Loss of All Privileges, (LOAP), be housed on the "Disciplinary Housing Unit"/"Special Management Unit", (1E/1F pod), and may be subject to a Class I report. By authority of same and in accordance with the established Non-Compliance Sanction Schedule for this violation, I hereby request the following sanction be imposed.

## PHASE II

**Start Date: January 4, 2007**

**XXX Class I report will follow**
Inmate may be housed in general population while waiting for due process.

xc: Dave Williams, Security Superintendent     Relocated Housing Unit Officer
    Capt. Carol Jefferson                      Tysha Bryant, Classification Officer II
    Capt. David Bamford                        Program (sanctioned)
    Capt. Balwant Singh                        Classification File
    Primary Control                            Inmate File
    Secondary Control                          Inmate
    Current Housing Unit Officer               File



Rev. 11/05

FORM #: 127 (F&B)     NOTICE OF DISCIPLINARY HEARING
(2-part NCR)     FOR MINOR/MAJOR OFFENSE     To be completed by
Revised: 5/95     Hearing Office
    DR _____

TO: Inmate: DEJESUS, DAVID     SBI#: 209513     HOUSING UNIT: 1E

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead? [ ] Guilty     [X] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time of more than 24 hours but less than 15 days.

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of more than 15 days but less than 60 days.
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 15 days.
   d. Loss of good time for a period of time not to exceed 30 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested? [ ] Yes     [✓] No     Name of Counsel: _____

7. Witness requested? [X] Yes     [ ] No     Name(s) of Witness: Dr. Smith

8. Confront accuser? [X] Yes     [ ] No

I certify that on 1/9/07 at 14:4, I served
       (date)     (time)
upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and (2) the Disciplinary Report is attached hereto.

I have received copies of 122 & 127 and understand my rights as Form # 127 has been read to me.

_____     _____
(Employee's Signature & Title)     (Inmate's Signature)
********************************************************************

### INMATE RIGHTS IN THE DISCIPLINARY PROCESS

MINOR OFFENSE

Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE - Shift Commander W/Form 122     YELLOW - Inmate

Impartial Hearing Officer: You have the right to be heard by an Impartial Hearing Officer, who shall not have witnessed the incident in question, been involved in preparation of the charge, or otherwise biased against you. Such Hearing Officer shall not have had supervisory responsibility over you during the six months immediatelt proceeding the hearing and shall be of a rank no lower than Lieutenant.

Make Statement and Present Evidence: You have the right to make a statement and present any reasonable evidence, including written statements from others in your behalf.

Record of Findings: You have the right to receive a written record of the Disciplinary Hearing. Such record shall state the findings of the Hearing Officer, summarize the evidence relied upon, and will state the sanctions imposed, if any.

Appeal: You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction or his designee. At the Disciplinary Hearing you will be provided with an appeal form. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing UNLESS YOU INDICATE ON THE APPEAL FORM THAT YOU DO NOT INTEND TO APPEAL. The purpose of the automatic stay is to afford you time to decide if you want to appeal. If you file an appeal within seventy-two (72) hours immediately following the hearing, the Hearing Officer MUST stay the execution of the sanction until an appeal decision is rendered. If you do not file an appeal within seventy-two (72) hours immediately following the hearing OR if you indicate on the appeal form that you do not want to appeal, the sanction shall be executed. The 72-hour time limit will run only while you are incarcerated at the institution.

MAJOR OFFENSE                                    (All of the above plus the following)
Counsel: You have the right to cousult with counsel substitute prior to the hearing. At the hearing, you may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitute may present your case at a Disciplinary Hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as your literacy, intelligence, the complexity of the issues under consideration, and other factors which may prevent you from making a complete presentation on your own behalf.

Pre-Hearing Detention: You have the right to remain in your existing status until the hearing unless you become sufficient threat to other inmates, staff members, or yourself to warrant pre-hearing detention. If pre-hearing detention is ordered by the Shift Supervisor of your unit, that order must be reviewed by the Warden or his designee every 24 hours. Failure to do so will cause you to return to your previous status. Any time spent in pre-hearing detention will be credited against any subsequent sanction imposed.

Copies of Written Information: You have the right to receive copies of any written information which the Hearing Officer may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual, reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, the contents will be summarized for you to the extent this may be done without creating a substantial risk to institutional or personal safety.

Call Witness: You have the right to call witnesses on your behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety, or would endanger the physical safety of any individual; such reasons will be stated in writing by the Hearing Officer.

Confront and Cross-examine Accuser: You have the right to confront and cross-examine your accuser (the author of the Disciplinary Report) and all witnesses who testify against you unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial will be stated in writing by the Hearing Officer.

FORM #: 127 (F&B)
(2-part NCR)



David De Jesus
203513
P.O. Box 9561
Wilm De 19809

WILMINGTON DE 197
12 FEB 2007 PM 2 T

Judge Joseph J Farnan Jr
844 N King St
Lock Box 18
Wilm De 19801