IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-209-JJF |
| | ) |
| WARDEN RAPHAEL WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court are Motions for Injunctive Relief filed by Plaintiff David DeJesus, Sr. (D.I. 41, 42.) Plaintiff filed a civil rights case alleging deliberate indifference to a serious medical need (i.e., Hepatitis C). His Motion for Injunctive Relief, filed December 12, 2006, seeks medical care and complains that he was to have a biopsy, but that he has not seen a doctor for three months. (D.I. 41.) A subsequent Motion for Injunctive Relief, filed December 22, 2006, asks that Plaintiff be taken to a hospital to receive medical care. (D.I. 42.) On January 5, 2007, the Court ordered Defendants to respond to the Motion, and Defendant Raphael Williams ("Williams") and CMS filed responses, and Plaintiff filed a reply. (D.I. 46, 47, 48, 49, 50, 52.)

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained

of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations omitted). It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992).

 Plaintiff's December 12, 2006 Motion seeks medical treatment and indicates that Plaintiff is unhappy with his current prison classification. (D.I. 41.) The attachments to the Motion contain nothing to support Plaintiff's quest for medical injunctive relief. Nor does the December 22, 2006 Motion contain any attachments in support of the Motion. (D.I. 42.) Plaintiff next filed a letter on December 23, 2006, taking exception to his placement in the Key program, due to his "liver condition." (D.I. 44.)

 State Defendant Williams submitted Plaintiff's medical records and asserted that Plaintiff is receiving appropriate medical care. Defendants argues that Plaintiff is not likely to succeed on the merits and that Plaintiff will not suffer irreparable injury if the Motions for Injunctive Relief are denied.

Upon review of the pleadings filed as well as Plaintiff's medical records, the Court finds that Plaintiff has not met his burden to show a likelihood of success on the merits.

Plaintiff previously filed Motions for medical injunctive relief in September and October 2006. (D.I. 20, 26.) The Motions were denied inasmuch as it was evident from medical records that Plaintiff was receiving medical treatment. Nonetheless, Plaintiff continues to seek injunctive relief.

Defendant Williams filed new medical records with his current response to Plaintiff's Motions for Injunctive Relief, and the records indicate that Plaintiff has continued to receive medical treatment subsequent to the September and October 2006 Motions, to-wit: Physicians' orders dated September 20, 2006, ordered a CBC/CMP, scheduled an optometrist consultation for Hep C treatment, ordered an x-ray, and prescribed medication. (D.I. 46, Ex. B.) Plaintiff was seen by a physician on November 9, 2006, and he was administered a flu vaccine on November 28, 2006. Id. He was also seen by a physician on December 15, 18, and 21 2006. Id. Doctors made two consultation requests: one for a melanoma biopsy, on December 15, 2006, and the other for a liver biopsy, on October 11, 2006. (D.I. 46, Ex. D.) Additionally, Plaintiff received blood testing on December 22, 2006. (D.I. 49, Attach.) Also, consultation requests for a liver biopsy were made on January 3 and January 24, 2007, and a second hepatitis C

medical evaluation was conducted on January 24, 2007. <u>Id</u>. (D.I. 48.) Plaintiff's last filing with the Court states that ten tests have been ordered, and eight were conducted, while four biopsies were ordered, yet none have been conducted. (D.I. 52.)

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. <u>Estelle v. Gamble</u>, 429 U.S. at 104; <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). It is evident that Plaintiff is receiving consistent medical care and that his medical condition is being monitored. While Plaintiff may not receive medical care as quickly as he desires, steps are being taken to provide Plaintiff with medical care. Hence, it cannot be said that there is a deliberate indifference to Plaintiff's serious medical need.

Plaintiff has failed to meet the first prong necessary for imposition of injunctive relief in either of his Motions; he has not demonstrated the likelihood of success on the merits. Hence, the Court will deny his Motions for Injunctive Relief.

NOW THEREFORE, IT IS HEREBY ORDERED this 20 day of February, 2007, that the Motions for Injunctive Relief (D.I. 41,

42) are **DENIED**.

                                             _____
                                             UNITED STATES DISTRICT JUDGE