IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,            )
                               )
        Plaintiff,             )
                               )
    v.                         )  Civ. Action No. 06-209-JJF
                               )
CMS et al.,                    )
                               )
        Defendants.            )

## MEMORANDUM ORDER

I.  **BACKGROUND**

Plaintiff David DeJesus, Sr., a prisoner incarcerated at the Sussex Correctional Institute, Georgetown, Delaware, filed a Complaint and an Amended Complaint pursuant to 42 U.S.C. § 1983 (D.I. 2, 10.) On April 23, 2007, the Court referred this matter to the Federal Civil Panel in an attempt to obtain representation for Plaintiff. (D.I. 75.) On May 24, 2007, Plaintiff filed a Motion To Amend Complaint. (D.I. 78.) CMS filed a Response and Plaintiff filed a Reply. (D.I. 79, 83.)

II.  **STANDARD OF REVIEW**

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on

the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

### III. DISCUSSION

Plaintiff's Motion seeks to add as defendants Jeremy Wilkerson, Health Care Administrator, Dr. Smith, Dr. Binnion, Nurse Ezekial, Nurse Betty Bradley, Nurse Stephanie, Nurse Brada, and Nurse Michael Ward. (D.I. 78.) The allegations against the proposed defendants are, they are playing with Plaintiff's life

and, they missed giving Plaintiff doses of his liver medication. CMS objects on the bases that Plaintiff is dilatory in filing his Motion To Amend and the alleged actions of the proposed defendants did not rise from the conduct, transaction or occurrence as alleged in Plaintiff's First Amended Complaint. (D.I. 79.) Plaintiff responds that he did not know what was going to happen in the future. (D.I. 83.)

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)).

The allegations against the proposed defendants do not rise to the level of a constitutional deprivation. Further, the scant allegations are insufficient to apprise the proposed defendants of their individual conduct in the alleged constitutional deprivation or when such conduct took place. Based upon the foregoing, the Court will deny the Motion to Amend due to futility of amendment.

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this 27 day of July, 2007, IT IS ORDERED that the Motion To Amend Complaint (D.I. 78) is **DENIED** without prejudice.

                                                              /s/ Joseph J. Farnan, Jr.
                                                         UNITED STATES DISTRICT JUDGE