IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,

Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM JOYCE and DANA BAKER,

Defendants.

C.A. No. 06-209-JJF

**MOTION FOR AN ENLARGEMENT OF TIME IN WHICH TO EFFECTUATE SERVICE AND MOTION TO AMEND CAPTION**

Pursuant to Federal Rules of Civil Procedure Rule 4(m) and 15, plaintiff David DeJesus, Sr. ("Plaintiff") moves the Court for an order enlarging the time in which to effectuate service of the Summons and Amended Complaint on Defendants William Joyce and Dana Baker (collectively, the "Defendants") and to amend the caption to reflect the proper and full names of all Defendants.[1] In support of his motion, Plaintiff states the following:

**Facts**

1. This action was commenced on March 30, 2006. (D.I. 2). This action asserts a claim under 42 U.S.C. § 1983, wherein Plaintiff alleges he was denied proper or adequate medical care while incarcerated at the Howard R. Young Correctional Institute ("HRYCI") in Wilmington, Delaware. The original defendants to this action were Rapheal Williams and Correctional Medical Services, Inc. ("CMS").

2. On June 13, 2006, the Court issued a Memorandum Order dismissing Plaintiff's Complaint, without prejudice, for failure to state a claim upon which relief may be granted

[1] Plaintiff's motion to amend the caption is presented without prejudice to his right to seek further amendment of his pleadings under the Rules.

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Pursuant to the Memorandum Order, Plaintiff was given leave the amend his complaint. (D.I. 8).

3. On July 14, 2006, Plaintiff filed his Amended Complaint. (D.I. 10). Through this amended pleading, William Joyce and Dana Baker (incorrectly listed in the Amended Complaint as Dana Boker) were added as additional defendants. (D.I. 10).

4. On July 27, 2006, Plaintiff returned two Form USM-285 documents to the Clerk of Court in an effort to effectuate service of process on defendants Joyce and Baker.

5. On August 10, 2006, the Clerk of the Court sent a letter to Plaintiff stating that all required forms were received and will be forwarded to the U.S. Marshal for service in accordance with the Court's orders. (D.I. 15).

6. On November 29, 2006, the United States Marshal Service attempted service of the Summons and Amended Complaint on defendants Joyce and Baker.

7. On November 30, 2006, returns of process were filed with the Court indicating that defendants Joyce and Baker were "no longer @ HRYCI." (D.I. 39, 40).

8. Pursuant to Rule 4(m), the 120-day service period ran on November 11, 2006. Through this motion, Plaintiff seeks to enlarge the time in which to properly effectuate service of a summons and the Amended Complaint on defendants Joyce and Baker.

9. Because it is now more than 120 days since Plaintiff filed his Amended Complaint and service has not been perfected on defendants Joyce and Baker, Plaintiff seeks leave of Court to serve the Amended Complaint outside the 120-day time requirement of Rule 4(m).

10. Pursuant to D. Del. LR 7.1.1, the undersigned counsel certifies that he contacted counsel for defendants Joyce and Baker and he would not agree to the relief requested in this

motion. Counsel for defendants Joyce and Baker Plaintiff does not oppose Plaintiff's request that the caption be amended to reflect the proper and full names of all the defendants.

**Argument**

11. Plaintiff should be granted leave to serve defendants Joyce and Baker because good cause exists to permit Plaintiff a second opportunity to serve the Amended Complaint.

12. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision doe not apply to service in a foreign county pursuant to subdivision (f) or (j)(1).

Here, good cause exists for allowing service of the Amended Complaint on defendants Joyce and Baker outside the 120-day requirement of Rule 4(m) for four main reasons.

13. First, Plaintiff was proceeding *in forma pauperis* and as a *pro se* party when this action was initially commenced and when the Amended Complaint was filed. A *pro se* litigant is held to less stringent standards and his reliance on the Marshal Service to serve the Amended Complaint should be afforded a measure of deference when service was not accomplished within the 102-day limitation. *See Kloth v. Southern Christian University*, 494 F. Supp. 2d 273, 278 n.7 (D. Del. 2007) (addressing the less stringent standards applied to *pro se* litigants) (citing *Boag v. MacDougall*, 454 U.S. 364 (1982)).

14. Second, Plaintiff stated on numerous occasions – both in his pleadings and correspondence to the Court – that he has difficulty with understanding and writing the English language.

15. Third, Plaintiff was well justified when he relied upon the United States Marshal to serve process. Once a plaintiff proceeding *in forma pauperis* adequately identifies the defendants to the action, the plaintiff is entitled to rely on the Marshals Service to serve process even if the official was no longer employed by the prison. "If the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of Rule 4(m)." *Graham v. Satkowski*, 51 F.3d 710, 713 (7th Cir. 1995) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Here, Plaintiff submits that given his adequate identification of defendants Joyce and Baker[2], the Marshals Service could have located the defendants with reasonable efforts.

16. Finally, on January 4, 2008, the Court entered an Order recognizing representation by the undersigned counsel as *pro bono* counsel for Plaintiff. (D.I. 98). Counsel for Plaintiff is still in the process of reviewing Plaintiff's file in connection with this action and recently discovered that defendants Joyce and Baker were not properly served. Counsel presented this motion shortly after being appointed counsel and identifying the lack of proper service.

17. Defendants will not be unduly prejudiced given an enlargement of time in order to effectuate service of the Amended Complaint.

18. Based on the foregoing, Plaintiff believes good cause exists to warrant the enlargement of time. Moreover, Plaintiff requests that the caption be amended to reflect the proper and full names of all the defendants as amendment of the action's caption should be freely granted.

---

[2] Although the caption to Plaintiff's Amended Complaint improperly identified Dana Baker as Dana Boker, Plaintiff's Form USM-285 properly identified the defendant as Dana <u>Baker</u>. (*See* D.I. 39, 40).

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion for an enlargement of time to effectuate service on defendants William Joyce and Dana Baker and amend the caption.

Dated: February 4, 2008

David A. Felice
Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-209-JJF |
| CMS, WILLIAM JOYCE and DANA BAKER, | : | |
| Defendants. | : | |

**ORDER**

WHEREAS, the Court having considered plaintiff David DeJesus, Sr.'s Motion for an Enlargement of Time Within Which to Effectuate Service on Defendants William Joyce and Dana Baker and motion to amend the caption;

WHEREAS, the Court having concluded that good cause exists to grant such an extension and to amend the caption;

IT IS HEREBY ORDERED this _____ day of ________________, 2008, that Plaintiff's motion for an enlargement of time is GRANTED and that, upon further direction of Plaintiff, the Clerk shall issue *Alias* Summons for Defendants William Joyce and Dana Baker and the caption of this action is amended as reflected above.

______________________________________
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, David A. Felice, do hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Eric S. Thompson, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street, Suite 500
Wilmington, DE 19801

/s/ David A. Felice
David A. Felice (#4090)