IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR., :
:
      Plaintiff, :
:
v. : C.A. No. 06-209-JJF
:
CORRECTIONAL MEDICAL SERVICES, :
INC., WILLIAM JOYCE and DANA BAKER, :
:
      Defendants. :

**PLAINTIFF'S REPLY MEMORANDUM
ON HIS MOTION FOR ENLARGEMENT OF
TIME IN WHICH TO EFFECTUATE SERVICE**

Plaintiff David DeJesus, Sr. ("Plaintiff") submits this reply memorandum of law in further support of his motion for enlargement of time in which to effectuate service on Defendants William Joyce and Dana Baker.[1] In support of his reply, Plaintiff states the following:

    1.    Defendants' arguments in response to Plaintiff's good cause bases for granting the motion to extend do not change the result that considerations of judicial efficiency and the Court's desire to adjudicate cases on their merits both weigh in favor of granting Plaintiff leave to serve his Amended Complaint on Defendants Joyce and Baker.

    2.    Contrary to Defendants' argument that they will suffer prejudice given the extension of time to serve the Amended Complaint, the facts and procedural history of this action do not support those conclusory allegations.[2] This is true for three main reasons.

---

[1] A reply on Plaintiff's motion to amend the caption is not needed as Defendants previously agreed to the requested relief and no counter-arguments were presented.

[2] Defendants do not present any declaration testimony or other direct evidence of prejudice, instead relying upon mere argument as to alleged prejudice. Argument, without supporting facts, is not sufficient to defeat Plaintiff's right to the requested relief.

3.   First, if Plaintiff's motion is not granted, Plaintiff's Amended Complaint would merely be dismissed without prejudiced against Defendants Joyce and Baker. *See* Fed. R. Civ. P. 4(m) (noting that any dismissal of an action is without prejudice). Plaintiff would then be free to file an new action against Joyce and Baker. Given this fact, considerations of judicial economy warrant that Plaintiff's motion be granted and the parties' disputes be adjudicated in a single civil action.

4.   Second, the procedural history of this matter permits the late service of process on Defendants. Specifically, a scheduling order has not yet been entered, fact discovery is ongoing and there is no trial date set for this matter. Indeed, Defendant Correctional Medical Services, Inc. served its first set of interrogatories and requests for production directed to Plaintiff on February 21, 2008. (D.I. 102). Accordingly, Defendants Joyce and Baker have sufficient time to formulate a defense to Plaintiff's Amended Complaint.

5.   Finally, the case law Defendants cite in an effort to defeat Plaintiff's motion is distinguishable from the matter at hand. The *Sykes v. Blockbuster Video* decision involved the dismissal of a non-inmate plaintiff's Title VII complaint against his employer. *Sykes*, 2006 U.S. App. LEXIS 28424, at *1 (3d Cir. Nov. 15, 2006). Moreover, Sykes never filed a motion under Rule 4(m) to enlarge the time for serving the defendants. In fact, the District Court in *Sykes* granted the defendants' motion to dismiss only after Sykes failed to present any opposition to the motion below. *Id.* The facts of the *Sykes* decision are clearly distinguishable from this matter. Soon after the undersigned was appointed counsel and recognized the service deficiency, a motion under Rule 4(m) was presented for the Court's consideration. Moreover, Defendants Joyce and Baker had approximately fourteen (14) months to present a motion to dismiss for insufficient service of process. Instead of acting as a diligent defendant should, as exemplified in

WILMINGTON\74553\1 097343.000

the *Sykes* decision, Defendants only now request a dismissal of this action after Plaintiff took reasonable and appropriate steps to rectify the service deficiency.

6. In *Daniels v. Correctional Medical Svcs., Inc.*, the Court granted a motion to dismiss for insufficient service of process for two reasons that are not present here. First, the plaintiff failed to present a motion under Rule 4(m) to extend the time to serve his complaint. *Daniels*, 380 F. Supp. 2d 379, 384 & n.6 (D. Del. 1005). More importantly, the *Daniels* court noted that any extension of time to serve the complaint would be futile because plaintiff had failed to set forth sufficient evidence to show a material issue of disputed fact with respect to his claims that defendants were deliberately indifferent. *Id.* at 384 n.6. Here, Defendants have not and cannot present the defense that granting Plaintiff's request for relief would be futile given the merits of the case. Under the facts of this case, the Court found in response to CMS's motion to dismiss that "Plaintiff has adequately alleged a policy or custom of ignoring medical complaints and delay of treatment." (D.I. 85 at p. 10) (denying CMS's motion to dismiss for failure to state a claim (D.I. 33)). Those same facts and circumstances serve as a basis for the claims asserted against Defendants Joyce and Baker, individually. Accordingly, Defendants cannot be heard to argue that granting Plaintiff additional time to serve his Amended Complaint on Defendants would be futile.

7. For the reasons set forth herein and in Plaintiff's opening memorandum on his motion for enlargement of time in which to effectuate service and motion to amend the caption, Plaintiff respectfully requests that he be granted additional time to serve his Amended Complaint on Defendants Joyce and Baker and that the unopposed motion to amend the caption be granted.

Dated: February 25, 2008

*David A. Felice* (signature)

Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on February 25, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Eric S. Thompson, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>1220 N. Market Street, Suite 500
>Wilmington, DE 19801

David A. Felice (#4090)