IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-209-JJF |
| | ) | |
| CORRECTIONAL MEDICAL SERVIES, INC., | ) | JURY TRIAL |
| DANA BAKER, and WILLIAM JOYCE, | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |

**RESPONSES OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**GENERAL OBJECTIONS**

1. CMS hereby incorporates by reference each and every general objection set forth below into each and every specific response. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

2. CMS objects on the grounds that each and every request for production is premature. Discovery is ongoing and the subject matter of these requests is under continuing investigation. CMS expressly reserves the right to use or rely upon information not specifically provided in response to these requests to the extent such information is uncovered during the course of CMS' ongoing investigation.

3. CMS objects to the extent that each and every request is overly broad, unduly burdensome, oppressive or constitutes an abuse of process, particularly where the request is unduly burdensome in light of the cost necessary to investigate as weighed against the plaintiff's need for the information.

4. CMS objects to each and every request to the extent that it requests information or materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. CMS objects to each and every request that purports to require CMS to produce information equally accessible or available to plaintiff from sources other than CMS, including, but not limited to information that has been previously provided to plaintiff by one of the parties in the course of this litigation. CMS further objects to each and every request to the extent that it seeks information not within his possession, custody or control.

6. CMS objects to the extent that each and every request is compound or complex and therefore unintelligible.

7. CMS objects to the extent that each and every request is vague or ambiguous and therefore unintelligible and/or not capable of a precise response.

8. CMS objects to the extent that each and every request calls for a legal conclusion. CMS's response and production of information shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases used in these requests or in the Third Amended Complaint.

9. To the extent that any or all of the requests call for information prepared in anticipation of this litigation or any other litigation or for trial, or which is otherwise covered by the work product doctrine or is protected from disclosure by the attorney-client privilege or any other privilege or immunity, CMS objects and will not supply or render information protected from discovery by virtue of such doctrine or privileges.

10. The inadvertent production by CMS of any information which is confidential, contains confidential information or is privileged, which was prepared in anticipation of

litigation or for trial, or is otherwise protected from discovery, shall not constitute a waiver of any privilege or other ground for objection to discovery with respect to such document or information, the subject matter thereof, or CMS' right to object to the use of such document or other information during the trial of this matter.

11. CMS objects to these requests to the extent that they purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware (each of them, a "Local Rule").

12. The assertion of the same, similar, or additional objections in any specific objection to individual requests, or the failure to assert any additional objection to a request, does not waive any objections as set forth in this or any other section.

13. All objections or other requests as to the competency, relevance, materiality, privilege, or admissibility as evidence of these requests, and any information, document, or thing produced in response to these requests for production, *inter alia*, are reserved.

14. CMS objects to the extent that plaintiff's definitions are over broad and, specifically, to the extent that plaintiff purports to define "CMS", "You" or "Your" to include counsel, contractor, investigator or agent thereof.

## DOCUMENT REQUESTS

1. All medical records, files, reports, charts, summaries, x-rays, office notes, diagnostic notes and all other documents that refer or relate to the medical care or treatment of David DeJesus, Sr. while under the custody of the Delaware Department of Correction.

**RESPONSE: Attached, please find all medical records in our possession. Updated medical records have been requested and copies will be provided upon receipt.**

2. All documents by, between or amongst you and William Joyce and/or Dana Baker that refer or relate to the provision of medical care or treatment to David DeJesus, Sr.

**RESPONSE: Objection, overly broad and unduly vague. Notwithstanding said objection, responding Defendant is not in possession of documents which would respond to this request other than those identified in the Response to Request No. 1.**

3. All documents by, between or amongst you and the State of Delaware and/or the Delaware Department of Correction or any of its employees, agents or service providers that refer or relate to the provision of medical care or treatment to David DeJesus, Sr.

**RESPONSE: Objection, overly broad and unduly vague. Notwithstanding said objection, responding Defendant is not in possession of documents which would respond to this request other than those identified in the Response to Request No. 1.**

4. All documents by, between or amongst you and any third-party medical provider or any of its employees, agents or service providers that refer or relate to the provision of medical care or treatment to David DeJesus, Sr.

**RESPONSE: Objection, overly broad and unduly vague. Notwithstanding said objection, responding Defendant is not in possession of documents which would respond to this request other than those identified in the Response to Request No. 1.**

5. The employee file of Michelle Ward.

**RESPONSE: Objection, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.**

6. Copies of all grievances, disputes or complaints filed against CMS and/or Michelle Ware that refer or relate to allegations of inadequate, defective or improper provision of medical care or treatment by Michelle Ward.

**RESPONSE: Objection, overly broad. Notwithstanding said objection, Responding Defendant is not in possession of documents which would respond to this request other than those identified in the Response to Request No. 1.**

7. Copies of all documents that refer or relate to any resolution, remediation or correction of the events identified or documents produced in response to Document Request No. 6 above.

**RESPONSE:** R**esponding Defendant is not in possession of documents which would respond to this request other than those identified in the Response to Request No. 1.**

                                                MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
/s/ERIC SCOTT THOMPSON
Kevin J. Connors, Esq. (#2135)
Eric Scott Thompson, Esq. (#4633)
1220 N. Market St., 5th Fl.
PO Box 8888
Wilmington, DE 19899-8888
(302) 552-4370
Attorney for Defendant
Correctional Medical Services, Inc.

Dated: March 24, 2008
15/595451.v1