IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID DEJESUS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-209-JJF |
| | ) | |
| CORRECTIONAL MEDICAL | ) | TRIAL BY JURY DEMANDED |
| SERVICES, INC., WILLIAM JOYCE | ) | |
| and DANA BAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

PLEASE TAKE NOTICE that on April 25, 2008:

1.    Plaintiff David DeJesus, Sr.'s Answers to Interrogatories, Set 1 of Defendant
Correctional Medical Services, Inc.;

2.    Plaintiff's Answers and Objections to Request for Production – Set 1 of
Defendant Correctional Medical Services

were served upon the below-named counsel of record via First Class Mail:

Eric S. Thompson, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market Street, Suite 500
Wilmington, DE 19801

PLEASE TAKE FURTHER NOTICE that on April 25, 2008 subpoenas *duces tecum* and

*ad testificandum* were also served upon the below-named witnesses (subpoenas attached as

Exhibit 1:

Delaware Department of Correction
245 McKee Road
Dover, DE 19904

Keith Lloyd
Delaware Department of Correction
245 McKee Road
Dover, DE 19904

Michelle Ward
Delaware Department of Correction
245 McKee Road
Dover, DE 19904

Scott Morgan
Delaware Department of Correction
245 McKee Road
Dover, DE 19904

WILMINGTON\77079\1  097343.000

Dated:  April 25, 2008

_David A. Felice_

Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE  19801
Telephone:  (302) 295-2011
Facsimile:  (302) 295-2013
*Attorneys for Plaintiff David DeJesus, Sr.*

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on April 25, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Eric Scott Thompson, Esquire
> Marshall Dennehey Warner Coleman & Goggin
> 1220 North Market Street, 5th Floor
> P.O. Box 8888
> Wilmington, DE 19899

> David A. Felice (#4090)
> Cozen O'Connor
> 1201 North Market Street, Suite 1400
> Wilmington, DE 19801
> Telephone: (302) 295-2000
> Facsimile: (302) 295-2013
> Email: dfelice@cozen.com

# _Exhibit 1_

Issued by the

# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,

      Plaintiff,

                                        Case No. 06-209-JJF

    v.

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM
JOYCE and DANA BAKER,

      Defendant..

## SUBPOENA IN A CIVIL CASE

TO:    Scott Morgan
        **Delaware Department of Correction**
        **245 McKee Road**
        **Dover, DE  19904**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE  19801** | DATE AND TIME<br>**May 30, 2008 at 12:00 a.m.** |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## See attached Exhibit A.

| PLACE<br>**Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE  19801** | DATE AND TIME<br>**May 23, 2008 at 5:00 p.m.** |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*David A. Felice* | DATE<br>April 25, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

WILMINGTON\76317\1   097343.000

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE: |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place

where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

WILMINGTON\76317\1    097343.000

**Exhibit A**
<u>**DEFINITIONS**</u>

1.      The terms "you" or "your" shall refer to you, individually and/or as an employee of the Delaware Department of Correction.

2.      The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.      The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.      The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.      The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.      The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

## DOCUMENT REQUESTS

1.      All documents authored or received by you (in your individual capacity or as an employee of the Delaware Department of Correction) that refer or relate to the medical care or treatment administered to David DeJesus, Sr.

Issued by the

# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,

      Plaintiff,

      v.                                                                 Case No. 06-209-JJF

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM
JOYCE and DANA BAKER,

      Defendant..

## SUBPOENA IN A CIVIL CASE

TO:    Keith Lloyd
       Delaware Department of Correction
       245 McKee Road
       Dover, DE  19904

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE  19801 | DATE AND TIME<br>**May 30, 2008 at 10:00 a.m.** |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## See attached Exhibit A.

| PLACE<br>Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE  19801 | DATE AND TIME<br>**May 23, 2008 at 5:00 p.m.** |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*David A. Felice* | DATE<br>April 25, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE: |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
           Date        Signature of Server

                                                _____
                                              Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place

where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the  trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B) If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

# DEFINITIONS

1.      The terms "you" or "your" shall refer to you, individually and/or as an employee of the Delaware Department of Correction.

2.      The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.      The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.      The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.      The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.      The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

## DOCUMENT REQUESTS

1.      All documents authored or received by you (in your individual capacity or as an employee of the Delaware Department of Correction) that refer or relate to the medical care or treatment administered to David DeJesus, Sr.

Issued by the

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,

       Plaintiff,

                                   Case No. 06-209-JJF

     v.

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM
JOYCE and DANA BAKER,

       Defendant..

## SUBPOENA IN A CIVIL CASE

TO:    Michelle Ward
         Delaware Department of Correction
         245 McKee Road
         Dover, DE  19904

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE  19801** | DATE AND TIME<br>**June 12, 2008 at 10:00 a.m.** |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE<br>**Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE  19801** | DATE AND TIME<br>**May 23, 2008 at 5:00 p.m.** |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_David A. Felice_ | DATE<br>April 25, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
|  |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE: |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place

where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the  trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B) If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

## DEFINITIONS

1.      The terms "you" or "your" shall refer to you, individually and/or as an employee of the Delaware Department of Correction.

2.      The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.      The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.      The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.      The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.      The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

## <u>DOCUMENT REQUESTS</u>

1.      All documents authored or received by you (in your individual capacity or as an employee of the Delaware Department of Correction) that refer or relate to the medical care or treatment administered to David DeJesus, Sr.

Issued by the

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DAVID DEJESUS, SR.,

      Plaintiff,

           v.

                                    Case No. 06-209-JJF

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM
JOYCE and DANA BAKER,

      Defendant..

## SUBPOENA IN A CIVIL CASE

TO:   **Delaware Department of Correction**
       **245 McKee Road**
       **Dover, DE  19904**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.
**See subject areas identified in Exhibit A**

| PLACE OF DEPOSITION<br>Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE  19801 | DATE AND TIME<br>**May 30, 2008 at 2:00 a.m.** |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit B.**

| PLACE<br>Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE  19801 | DATE AND TIME<br>**May 23, 2008 at 5:00 p.m.** |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*David A. Felice* | DATE<br><br>April 25, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE: |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place

where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

WILMINGTON\76318\1  097343.000

## DEFINITIONS

1.    The terms "you" or "your" shall refer to the Delaweare Department of Correction and any of its employees, agents, representatives or contractors (independent or otherwise).

2.    The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.    The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure.  The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.    The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.    The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.    The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

**Exhibit A**
**SUBJECT AREAS OF TESTIMONY**

1.      The investigation and/or resolution of grievances filed by David DeJesus, Sr. against Correctional Medical Services, Inc. ("CMS").

2.      Your investigation or resolution of grievances directed at the medical care or treatment provided (or failed to be provided) in any manner by Michelle Ward.

3.      Your policies or practices of providing adequate medical care or treatment to state inmates.

4.      Your policies or practices of referring state inmates to outside medical treatment centers for evaluation, diagnosis, treatment or care of any type.

## Exhibit B
## DOCUMENT REQUESTS

1.    The grievances filed by David DeJesus, Sr. against CMS and/or its employees/agents.

2.    All resolutions of the grievances filed by David DeJesus, Sr. against CMS and/or its employees/agents.

3.    All documents or other written communications forming the basis of or supporting your resolution of all grievances filed by David DeJesus against CMS and/or its employees/agents.

4.    Any and all documents relating to Your investigation of David DeJesus, Sr.'s claims for inadequate or improper medical care and treatment as set forth in his Complaint and Amended Complaint.

5.    All documents that refer or relate to Your policies or practices of providing adequate medical care or treatment to state inmates.

6.    All documents that refer or relate to Your policies or practices of referring state inmates to outside medical treatment centers for evaluation, diagnosis, treatment or care of any type.