IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, | : |
|         Plaintiff | : |
| | :    Civ. No: 06-209 JJF |
| v. | : |
| | :    JURY TRIAL DEMANDED |
| WARDEN RAPHAEL WILLIAMS, et al., | : |
|         Defendant(s) | : |

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.,
TO PLAINTIFF DAVID DEJESUS, SR.'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

    Defendant, Correctional Medical Services "CMS", by its undersigned attorneys, hereby responds to Plaintiff David Dejesus, Sr.'s Emergency Motion for Injunctive Relief as follows:

    1.    Plaintiff filed an Emergency Motion for Injunctive Relief in this matter on May 5, 2008. (D.I. #116)

    2.    Plaintiff's Motion requests that the Court order defendant, CMS, to provide medical care, diagnostic services, treatment and all other reasonably necessary or appropriate services to Plaintiff.

    3.    "The grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"[1] The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge.[2]

    4.    A plaintiff moving for injunctive relief must demonstrate: i) the likelihood of success on the merits; ii) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; iii) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and iv) the public

---

[1] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)(quoting *Frank's GMC Truck Ctr., Inc. v. Gen'l Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).
[2] *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.* 630 F.2d 120, 136 (3d Cir. 1978).

interest will not be adversely affected by the granting of relief.[3] An injunction should only issue if all four factors favor relief. [4]

5. The prisoner must demonstrate a likelihood of success on the merits of his claims based upon an alleged Eighth Amendment violation for failure to provide adequate medical treatment to a prisoner. However, an act of a prison official only becomes such a constitutional violation when it results from the "deliberate indifference to a prisoner's serious illness or injury."[5] Thus, *Estelle* requires Plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[6] However, the *Estelle* Court has also clarified the standard in that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, *a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.* In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. [7]

The "deliberate indifference" prong from *Estelle* is satisfied when the plaintiff alleges that the defendant acted to deny an inmate's reasonable request for medical treatment subjecting the prisoner to undue suffering or if medical treatment is delayed for non-medical reasons.[8] The acts complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[9] Thus, a defendant's conduct does not constitute a "deliberate indifference" unless it is alleged to occur in conjunction with the requisite mental state. A prisoner's medical need is sufficiently serious if diagnosed by a physician as requiring treatment

---

[3] *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995).
[4] *See S & R Corp. v. Jiffy Lube Internat'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).
[5] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[6] *Id.*
[7] *Id.* at 105-06 (citations omitted)(emphasis supplied).
[8] *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).
[9] *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

or so obvious that a lay person would easily recognize the necessity of a physician's attention.[10]  Furthermore, "'*where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim*.'"[11]  A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eight Amendment and § 1983.[12]

6.  Not only must plaintiff demonstrate a likelihood of success on the merits, he must also make a showing that, in the absence of an injunction, the prisoner will suffer irreparable harm.[13]

7.  Plaintiff filed the Complaint on August 24, 2005.  He then filed an emergent Motion for injunctive relief on May 5, 2008 alleging that doctors at CMS have "refuse[d] to evaluate or provide any treatment whatsoever" for his condition.  Plaintiff's Emergency Motion for Injunctive Relief at ¶ 1.  This is factually incorrect.  Plaintiff has received treatment consisting of:

(a)  Physical examination and evaluations by a licensed physician on January 4, 2008; January 17, 2008, April 11, 2008 and May 7, 2008;

(b)  Scrotal support as a result of a diagnosed hydrocele which has since resolved;

(c)  Prescriptions for Rocephin and Doxycycline for treatment of potential bacterial infections;

(d)  An examination of the prostate;

(e)  A blood test to determine the existence of latent prostatitis; and

(f)  A urine test to determine the existence of any existing infections.

*See Affidavit of Lawrence McDonald, M.D.* attached as Exhibit "1"; *See* medical records attached as Exhibit "2".

---

[10] *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981).
[11] *Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) . *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3rd Cir. 1979) ("Courts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.'")(emphasis supplied).
[12] *Id.*
[13] *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

8. No masses were detected during Dr. McDonald's physical examinations. In addition, Plaintiff has been scheduled for a follow-up appointment the week of May 12, 2008 to address the results of his blood and urine studies. *Id.*

9. Plaintiff cannot satisfy any of the factors required under *York*, namely that: (1) he will succeed on the merits, (2) he has been irreparably harmed, (3) he will suffer irreparable harm if the requested relief is not granted and (4) the public interest will not be adversely affected by the granting of relief.[14] Plaintiff has received treatment from a doctor, contrary to his allegations that "CMS refuses to evaluate of provide any treatment whatsoever". In fact, he was examined by a doctor on: January 4, 2008; January 17, 2008, April 11, 2008 and May 7, 2008. During these examinations, a physical examination of Plaintiff's testicles was made and it was noted there were no masses; however, a hydrocele was detected. A hydrocele is an accumulation of sterile fluid which may result from excess fluid production or diminished resorption. A scrotal support was prescribed and the hydrocele has since resolved. However, Plaintiff continued to experience abdominal pain. Physical examination revealed abdominal tenderness and softness as well as edema in the left lower extremity. Tenderness was also noted in the inner aspect of the left thigh. This tenderness in the left thigh may be due to inflammation in the scrotum since some innervation is shared between the scrotum and the left thigh. No spinal tenderness was noted and the penis and scrotum were clear. In addition, upon the hydrocele resolving, no tenderness was noted in the left testicle and it was non tender. As a result, Rocephin and Doxycycline were prescribed to address any bacterial infections which may exist and a urine test was ordered to determine the existence of any internal inflammation. *Id.*

10. In addition to the above, a prostate examination was performed which revealed no prostatitis. However, blood work was ordered to rule out any latent prostatitis. *Id.*

11. Although Plaintiff clearly received an appropriate amount of treatment, he continued to make allegations in his Motion that "CMS refuse[d] to evaluate or provide any treatment whatsoever", "shirked its

---

[14] 57 F.3d 328, 331.

responsibility to provide medical care to Plaintiff", and "CMS failed or refused to provide any diagnostic review, request for medical history, recommend any non-medical care or treatment or take any action whatsoever in response to Plaintiff's request or in an effort to provide care or treatment for his condition". The Affidavit of Lawrence McDonald, M.D. attached as Exhibit "1" and the medical records attached as Exhibit "2" show these allegations to clearly be false. Plaintiff's Motion for Emergency Injunctive Relief is frivolous and was designed to do no more than harass CMS and its staff.

12. Plaintiff, in an attempt to circumvent the internal procedures for requesting and receiving medical treatment, wrote to undersigned counsel, through his attorney, requesting he be scheduled for an immediate appointment, despite the fact he had received care. In addition, a teleconference was held between Plaintiff, his attorney and undersigned counsel whereby Plaintiff alleged he had received no treatment for the alleged "grape-sized growth" on his left testicle. When undersigned counsel indicated he had informed his client of the requests, but would not interject himself into the medical treatment process, in part because he is not a medical professional, this now somehow becomes an alleged denial of treatment, even though he had received treatment. As is clear, both through the treatment he has received and his requests to undersigned counsel and allegations against undersigned counsel, Plaintiff is doing no more than wasting the time and resources of all involved, including his appointed counsel, in addressing wild accusations that he has not and is not receiving treatment when he clearly has been and currently is. Yes, Plaintiff had a hydrocele, but treatment was provided and it has resolved. In fact, the scrotal support of which Plaintiff complains he was prescribed was for this very condition and appears to have alleviated the condition. Yes, plaintiff has some tenderness in his abdomen and on the inner aspect of his left thigh, but blood and urine tests have been ordered and antibiotics prescribed. It appears in the mind of Plaintiff that this amounts to a refusal and/or denial of treatment. This is frivolous and there is no legal or factual basis for Plaintiff's allegations or the relief which he seeks.

13.  The filing of this Motion and the request for an expedited briefing schedule resulted in the medical staff of CMS, including a licensed physician, diverting their time, attention and resources to this motion.

WHEREFORE, Defendant, Correctional Medical Services, Inc., requests this Honorable Court deny Plaintiff's Emergency Motion for Injunctive Relief and award costs and fees incurred by Defendant in having to defend Plaintiff's Motion.

                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN AND GOGGIN

BY: /s/ *Eric Scott Thompson*
     KEVIN J. CONNORS, ESQUIRE,(DE ID # 2135)
     ERIC SCOTT THOMPSON, ESQUIRE, (DE ID # 4633)
     1220 N. Market Street, 5th Floor
     P.O. Box 130
     Wilmington, DE  19899-0130
     (302) 552-4370
     Attorneys for Defendant, Correctional Medical Services, Inc.

**DATED:  May 12, 2008**
15/618814.v1

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I electronically filed the **RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO PLAINTIFF DAVID DEJESUS, SR.'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF**, with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| David A. Felice, Esq. | Erica Yvonne Tross, Esquire |
| Cozen O'Connor | Department of Justice |
| 1201 North Market street, Suite 1400 | 820 N. French Street, 6th Floor |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:   /s/ *Eric Scott Thompson*
KEVIN J. CONNORS, ESQUIRE, (DE ID # 2135)
ERIC SCOTT THOMPSON, ESQUIRE, (DE ID # 4633)
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE 19899-0130
(302) 552-4370
Attorneys for Defendant, Correctional Medical Services, Inc.

**DATED: May 12, 2008**
15/618814.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DAVID DEJESUS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civ. No: 06-209 JJF** |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **WARDEN RAPHAEL WILLIAMS, et al.,** | : | |
| | : | |
| **Defendant(s)** | : | |

## ORDER

AND NOW, this _____ day of _____, 2008, upon consideration of Plaintiff David Dejesus, Sr.'s Emergency Motion for Injunctive Relief and the Response of Defendant, Correctional Medical Services, Inc. thereto, it is hereby ORDERED that Plaintiff David Dejesus, Sr.'s Emergency Motion for Injunctive Relief is DENIED;

In addition, it is hereby ORDERED Plaintiff pay costs and fees in the amount of _____ incurred by Defendant, CMS, in defending Plaintiff David Dejesus, Sr.'s Emergency Motion for Injunctive Relief.

 

_____
**THE HONORABLE JOSEPH J. FARNAN**

15/619233.v1