IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-209-JJF |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | TRIAL BY JURY DEMANDED |
| INC., WILLIAM JOYCE and DANA ) | |
| BAKER, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF DAVID DEJESUS, SR.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF HIS EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Plaintiff David DeJesus, Sr. ("Plaintiff") submits this reply memorandum of law in further support of his emergency motion for injunctive relief. In support of his emergency motion, Plaintiff states the following:

### Introduction

1.  Correctional Medical Services, Inc.'s response demonstrates that its purported past diagnoses and treatment were insufficient, mistaken, or both. Based on CMS's argument and affidavit testimony, hydrocele – if properly diagnosed and treated – should resolve itself in a matter of days. (Ans. Mem. at ¶ 9). The history of Plaintiff's illness belies CMS's argument. CMS alleges that plaintiff was treated for hydrocele on January 17, 2008 – but his condition persists to this day. CMS alleges that Plaintiff was again treated for hydrocele on April 11, 2008 – but his condition persists to this day. As of May 7, 2008 (after the filing of this Emergency Motion), CMS alleges that "Plaintiff had a hydrocele, but treatment was provided and it has resolved." (*Id.*). The fact is, Plaintiff continues to suffer from a large growth on his left testicle that has not responded to CMS's purported past treatment and the medication first prescribed on May 7 diagnosis. Relentless misdiagnoses and mistreatment in the face of a plain and

undisputed illness constitutes deliberate indifference to an individual's serious medical condition in violation of 42 U.S.C. § 1983.

**Argument**

2. The grape-sized growth next to Plaintiff's left testicle is still present. (Declaration of David DeJesus, Sr. ¶ 2 – unsigned version attached as Exhibit A).[1] Plaintiff has personally examined the growth and he alleges that it feels like something more than a collection of fluid. (*Id.*).

3. During Plaintiff's January 17 appointment, Plaintiff's treating physician, Dr. Lawrence McDonald, informed Plaintiff that his condition could be a hernia or, possibly cancer. (*Id.* at ¶ 5). Plaintiff was never told that his condition was merely an accumulation of fluid. (*Id.*). In fact, Plaintiff addressed Dr. McDonald's statements as to the possible diagnosis of a hernia or cancer in the March 2008 grievance Plaintiff filed concerning the treatment he was receiving. (Op. Mem. at Exhibit C).

4. In spite of CMS's proffer of Dr. McDonald's affidavit testimony that a follow-up appointment would be scheduled for the week of May 12, 2008, Plaintiff was not requested to appear for a medical appointment at any point this week. (*Id.* at ¶ 3). Given this fact alone, its is questionable how CMS can represent that Plaintiff's hydrocele "has since resolved."

5. The first time medication was prescribed for Plaintiff's condition was following the May 7, 2008 appointment. (*Id.* at ¶ 4).

6. Given that medication was only recently prescribed, the questions remains – why was a similar course of treatment not undertaken on January 11, 2008 or April 11, 2008?

---

[1] Prison counselor staffing issues and prison protocols prohibited counsel from securing an executed copy of Plaintiff's Declaration in support of this Reply. Undersigned counsel personally spoke with Plaintiff by telephone and verified the veracity of the statements contained in the Declaration. Plaintiff's prison counselor was prohibited from gaining access to Plaintiff during a roll call and her shift ended prior to the time the roll call was completed. A fully executed copy of the Declaration will be substituted as soon as it becomes available.

Plaintiff submits that the Court may infer that the only reason the May 7 appointment was scheduled and medication prescribed during that appointment was based on the fact that this Emergency Motion was pending before the Court.

7. The fact remains that Plaintiff has not in the past and does not now respond to the purported treatment plans established by CMS on January 11, 2008, April 11, 2008 and May 7, 2008. These facts were or should have been plainly obvious to CMS. CMS had a duty to act in light of Plaintiff's failure to respond to the purported treatment plans devised on January 11, 2008 and April 11, 2008 and has a duty to respond in light of the May 7, 2008 appointment.

8. CMS's past actions demonstrate a propensity for failing to act in light of facts and circumstances that demand action.

9. When faced with CMS's diagnosis and treatment history, its failure to take necessary and appropriate steps to reassess Plaintiff's condition constitutes deliberate indifference to a serious medical condition. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703-04 (11th Cir. 1985) (recognizing that an intentional or repeated refusal to provide diagnostic care that prison doctors know is needed constitutes deliberate indifference); *Carranza Reyes v. Park County Bd. of County Com'rs*, 2007 WL 2381405, at *10 (D. Colo. Aug. 17, 2007) (recognizing that a viable § 1983 claims exists where a medical provider continually fails in his or her duties to act as a gatekeeper for the provision of medical care).

WHEREFORE, for the reasons set forth herein and in his opening memorandum, Plaintiff David DeJesus, Sr. respectfully requests that his emergency motion for injunctive relief be granted and that an order be entered requiring that Defendant Correctional Medical Services, Inc. provide medical care, diagnostic services, treatment and all other reasonably necessary or appropriate services to Plaintiff within three (3) calendar days of this Court's order.

3

Dated: May 15, 2008

*/s/ David A. Felice*
Joseph J. Bellew (#4816)
David A. Felice (#4090)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiff David DeJesus, Sr.*

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-209-JJF |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) TRIAL BY JURY DEMANDED |
| INC., WILLIAM JOYCE and DANA | ) |
| BAKER, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF DAVID DEJESUS, SR.

I, David DeJesus, Sr., hereby state in accordance with the provisions of Title 28, section 1746 of the United States Code as follows:

1. I am the Plaintiff in the above-captioned matter. I am submitting this Declaration in further support of my Motion for Emergency Injunctive Relief and in response to Correctional Medical Services, Inc.'s ("CMS") Answering Memorandum and Lawrence McDonald, M.D.'s Affidavit.

2. The grape-sized growth next to my left testicle is still present. I have personally examined the growth myself and it feels like something more than a collection of fluid.

3. In spite of Dr. McDonald's affidavit testimony that a follow-up appointment would be scheduled for the week of May 12, 2008, I was not requested to appear for a medical appointment at any point this week.

4. The first time medications were prescribed for my condition was following the May 7, 2008 appointment.

5. During my January 17 appointment, Dr. McDonald told me that my condition could be a hernia or, possibly cancer. I was never told that my condition was merely an accumulation of fluid.

2

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

      Executed this ___ day of May, 2008.

                                                       _____
                                                       David DeJesus, Sr.

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Eric Scott Thompson, Esquire
Marshall Dennehey Warner Coleman & Goggin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: dfelice@cozen.com

WILMINGTON\77998\1 097343.000