IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-209-JJF |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM JOYCE and DANA BAKER, | ) TRIAL BY JURY DEMANDED |
| | ) |
| Defendants. | ) |

### NOTICE OF SERVICE OF SUBPOENAS

Plaintiff David DeJesus, Sr., by and through undersigned counsel, hereby notifies Defendants Correctional Medical Services, Inc., William Joyce and Dana Baker that he has served subpoenas upon Scott Morgan and Keith Lloyd, copies of which (including proof of service) attached hereto as Exhibits A and B, respectively.

Dated: June 6, 2008

/s/ David A. Felice
Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Plaintiff*

WILMINGTON\78714\1 097343.000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID DEJESUS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-209-JJF |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | TRIAL BY JURY DEMANDED |
| INC., WILLIAM JOYCE and DANA ) | |
| BAKER, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on June 6, 2008, 2006, I electronically filed the foregoing *Notice of Service of Subpoena* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Eric Scott Thompson, Esquire
>Marshall Dennehey Warner Coleman & Goggin
>1220 North Market Street, 5th Floor
>P.O. Box 8888
>Wilmington, DE  19899

Dated: June 6, 2008

>*/s/ David A. Felice*
>Joseph J. Bellew (#4816)
>David A. Felice (#4090)
>Cozen O'Connor
>1201 N. Market Street, Suite 1400
>Wilmington, DE  19801
>Telephone:  (302) 295-2000
>Facsimile:  (302) 295-2013
>Email: dfelice@cozen.com
>   *Attorneys for Plaintiff*

WILMINGTON\78714\1  097343.000

# EXHIBIT A

WILMINGTON\78714\1  097343.000

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

DAVID DEJESUS, SR.,

    Plaintiff,

v.                                                                      Case No. 06-209-JJF

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM
JOYCE and DANA BAKER,

    Defendant..

## SUBPOENA IN A CIVIL CASE

TO:    **Scott Morgan**
       **Sussex Correctional Institution**
       **Route 113**
       **Georgetown, DE 19947**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE 19801** | **July 1, 2008 at 9:00 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| **Cozen O'Connor**<br>**1201 N. Market Street, Suite 1400**<br>**Wilmington, DE 19801** | **June 24, 2008 at 5:00 p.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David A. Felice* | June 2, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

| PROOF OF SERVICE ||||
|---|---|---|---|
| SERVED | DATE | PLACE ||
| SERVED ON (PRINT NAME) ||| MANNER OF SERVICE |
| SERVED BY (PRINT NAME) ||| TITLE: |

### DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

## DEFINITIONS

1.  The terms "you" or "your" shall refer to you, individually and/or as an employee of the Delaware Department of Correction.

2.  The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.  The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure. The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.  The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.  The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.  The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

## DOCUMENT REQUESTS

1. All documents authored or received by you (in your individual capacity or as an employee of the Delaware Department of Correction) that refer or relate to the medical care or treatment administered to David DeJesus, Sr.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/5/08 | RT. 113 GEORGETOWN, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SCOTT MORGAN | ACCEPTED BY   P.J. DIRKS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| GRANVILLE MORRIS | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/5/08
                  DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

DAVID DEJESUS, SR.,

      Plaintiff,

      v.                                Case No. 06-209-JJF

CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM JOYCE and DANA BAKER,

      Defendant..

## SUBPOENA IN A CIVIL CASE

TO:    Keith Lloyd
           Sussex Correctional Institution
           Route 113
           Georgetown, DE 19947

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801 | July 1, 2008 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Cozen O'Connor<br>1201 N. Market Street, Suite 1400<br>Wilmington, DE 19801 | June 24, 2008 at 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *David A. Felice* | June 2, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Felice, COZEN O'CONNOR, 1201 North Market Street, Suite 1400, Wilmington, DE 19801 (302) 295-2000  Attorneys for Plaintiff

WILMINGTON\76316\1 097343.000

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | DATE | PLACE | |
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | | TITLE: |

### DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **Exhibit A**

## DEFINITIONS

1.      The terms "you" or "your" shall refer to you, individually and/or as an employee of the Delaware Department of Correction.

2.      The term "person" means any natural person and any corporation, business entity, association, government body or agency or other business enterprise or legal entity, and means both singular and plural.

3.      The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive and includes, without limitation, all papers of any kind, all graphically recorded items, all electronically or magnetically recorded items such as video tapes, audio tapes and computer or word processor records and any other items, if anything, that can be requested pursuant to the Federal Rules of Civil Procedure. The term "documents" includes originals, drafts and all documents that differ in any respect from another version of that same document.

4.      The term "identify" when applied to persons shall mean state their name(s) and current or last known business address(es) and telephone number(s).

5.      The term "or" shall be construed either in the disjunctive or in the conjunctive whenever appropriate in order to bring within the scope of those interrogatories information that might otherwise be considered to be beyond their scope.

6.      The word "all" shall mean both "any" and "all" as appropriate in order to bring within the scope of these interrogatories information that might otherwise be beyond their scope.

## DOCUMENT REQUESTS

1.   All documents authored or received by you (in your individual capacity or as an employee of the Delaware Department of Correction) that refer or relate to the medical care or treatment administered to David DeJesus, Sr.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED      6/5/08 | RT. 113 GEORGETOWN, DE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| KEITH LLOYD | ACCEPTED BY   P.J. DIRKS |
| SERVED BY (PRINT NAME) | TITLE |
| GRANVILLE MORRIS | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/5/08
                 DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.